# DAVIS AND FARNUM MANUFACTURING COMPANY
## *v.* LOS ANGELES.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE
SOUTHERN DISTRICT OF CALIFORNIA.

No. 507.   Submitted January 13, 1903.—Decided March 2, 1903.

1.  Where a bill is based not only upon diversity of citizenship, but also upon
    the alleged unconstitutionality of municipal ordinances as impairing the
    obligation of a contract, an appeal lies to this court and the whole case
    is opened for consideration.
Where a statute delegates powers to a city, the ordinances of the municipal-
    ity are the acts of the State, and their unconstitutionality is the uncon-
    stitutionality of a state law within the meaning of sec. 5 of the Circuit
    Court of Appeals act.
2.  A court of equity has no general power to enjoin or stay criminal proceed-
    ings unless they are instituted by a party to a suit already pending be-
    fore it, and to try the same right that is in issue there, or to prohibit the
    invasion of the rights of property or the enforcement of an unconsti-
    tutional law. *In re Sawyer*, 124 U. S. 200.
One who has contracted to deliver gas machinery to a gas and fuel company
    has no standing in a court of equity to restrain a city from enforcing an
    ordinance prohibiting the erection of gas works within a portion of the
    city in which the erection of gas works was not prohibited when the con-
    tract was made, on the ground that such ordinances are repugnant to
    the Federal Constitution as impairing the obligation of a contract, it not
    appearing that the plaintiff has any contract with the city or that the
    gas and fuel company would not, or could not, by reason of insolvency,
    respond to its claim under the contract.

THIS was a bill in equity filed in the Circuit Court for the
Southern District of California by appellant, a citizen of Massa-
chusetts, to restrain the city of Los Angeles and its officers
from enforcing certain municipal ordinances, prohibiting the
erection or maintenance of gas tanks or reservoirs within certain
portions of the city.

The gravamen of the bill was that on September 1, 1901,
Caroline W. Dobbins made a contract with the Valley Gas and
Fuel Company, a California corporation, to build certain gas
works for her, including all things necessary for the manu-

facture, recovery and storage of gas, on lands thereafter to be designated; that on September 17 the appellant made a contract with the Gas and Fuel Company to erect upon Mrs. Dobbins' premises a water tank and gas holder, having a capacity of 100,000 cubic feet of gas, and that immediately thereafter it constructed and prepared the material and machinery necessary for the erection of the tank and gas holder, and shipped the same to Los Angeles; that on September 28, Mrs. Dobbins purchased certain lands in Los Angeles, which were within the limits wherein it was lawful to erect gas works as described in a municipal ordinance adopted August 26, 1901, and on November 1 applied to the board of fire commissioners for a permit to erect such gas works; that on November 22, her petition came on for hearing before the fire commissioners, and after proof had been made that all provisions of prior ordinances had been complied with, the matter was duly considered, and finally resulted, November 29, in a vote to grant a permit to erect and maintain the gas works.

That upon the 22d day of November, Mrs. Dobbins' contractors began at once to lay the foundation for said works at a cost of upwards of $2500, when on November 25, the city adopted an ordinance, amending that of August 26, 1901, including her property in the prohibited territory for the erection or maintenance of gas works, which ordinance, however, seems to have proved defective, and subsequently in February, 1902, caused certain of the employés of the Gas and Fuel Company to be arrested, charging them with a violation of this ordinance. Subsequently under new proceedings certain employés of the plaintiff were arrested and the work stopped.

Another ordinance was passed on March 3, 1902, also amending that of August 26, 1901, and other arrests were made of the employés for a violation of this ordinance. It was averred that the gas works are in an uncompleted condition, exposed to the elements and in danger of being destroyed, and that all of the aforesaid ordinances were adopted by the common council at the instigation of the Los Angeles Light Company, which has enjoyed a monopoly of the gas business for the last ten years.

A demurrer was filed to this bill by the city for want of equity and of jurisdiction, which was sustained by the court, and the bill dismissed, 115 Fed. Rep. 537, apparently upon the ground that a court of chancery has no power to restrain criminal proceedings, unless they are instituted by a party to a suit already pending before it, and to try the same right that is in issue there. Whereupon an appeal was taken to this court.

*Mr. Henry T. Helm, Mr. Lynn Helm, Mr. Edward C. Bailey, Mr. Henry T. Lee* and *Mr. J. R. Scott* for appellant.

I. As the foundation of this action lies in the invalidity of the ordinances of November 25, 1901, and of March 3, 1902, adopted by the city council of the city of Los Angeles, alleged in the bill of complaint to be in contravention of the provisions of the Constitution of the United States, an appeal lies directly from the Circuit Court to this court, and this court having jurisdiction of this case for the purpose of determining whether such ordinances are in contravention of the Constitution of the United States, there exists the power in this court to consider all other questions arising on the record. Act of March 3, 1891, chapter 517, section 5 ; 26 Statutes at Large, 826 ; *Horner* v. *United States,* 143 U. S. 570 ; *Chappell* v. *United States,* 160 U. S. 499 ; *Loeb* v. *Columbia Township Trustees,* 179 U. S. 472, 478 ; *Penn Mutual Life Insurance Company* v. *Austin,* 168 U. S. 685, 695.

II. The ordinances in question of the city of Los Angeles were but the exercise by the city of the legislative powers delegated to it by the State, and were, therefore, by legal intendment the equivalent of laws enacted by the State itself. *City Railway Company* v. *Citizens' Street Railroad Company,* 166 U. S. 557, 563 ; *St. Paul Gaslight Company* v. *St. Paul,* 181 U. S. 142, 148.

III. The ordinance of November 25, 1901, was repealed by the ordinance of March 3, 1902. The ordinances are on the same subject matter. The latter ordinance covers the whole subject matter of the earlier and will repeal the former. 23 Am. & Eng. Ency. of Law, 485.

IV. The ordinance of March 3, 1902, is invalid for the rea-

son that it is in violation of the Constitution of the United
States in that it impairs the obligation of the contract between
appellant and the Valley Gas and Fuel Company to erect and
construct the water tank and gas holder upon the premises of
Caroline W. Dobbins. *Farrington* v. *Tennessee*, 95 U. S. 679;
*Sturges* v. *Crowninshield*, 4 Wheat. 122; *Detroit* v. *Detroit
Citizens' Street Railroad Co.*, 184 U. S. 368.

V. The ordinance of March 3, 1902, is invalid for the reason
that it is in violation of the vested rights acquired by Caroline
W. Dobbins,· the employer of the appellant, by virtue of the
purchase by her of lands within the limits of the district
within which it was lawful to erect gas works, by the terms of
the ordinance adopted August 26, 1901, and by virtue of· the
permit granted to her by the board of fire commissioners of
the city of Los Angeles on the 22d day of November, 1901, un-
der the existing " building and fire ordinance " of the city of
Los Angeles.

(*a*) The rights acquired by Caroline W. Dobbins, the em-
ployer of the appellant, were vested rights. *Calder* v. *Bull*,
3 Dall. 394; *Farrington* v. *Tennessee*, 95 U. S. 679; *Steamship
Co.* v. *Joliffe*, 2 Wall. 457; *Worth* v. *Cransen*, 7 How. 118;
*Classen* v. *Chesapeake Guano Co.*, 31 Atl. Rep. (Maryland) 808;
*Roberts* v. *Brooks*, 71 Fed. Rep. 914; *Baltimore Trust Co.* v.
*Baltimore*, 64 Fed. Rep. 153; *Levis* v. *City of Newton*, 75 Fed.
Rep. 884; *Cleveland City Railroad Co.* v. *City of Cleveland*, 94
Fed. Rep. 385; *City Railway Company* v. *Citizens' Street Rail-
road Co.*, 166 U. S. 562.

(*b*) The appellant, as the contractor, doing the work for Car-
oline W. Dobbins under her permit granted to her by the board
of fire commissioners, was entitled to the benefit and protec-
tion of the vested rights which she had acquired by virtue of
legislative authority. *Reagan* v. *Farmers' Loan & Trust Co.*,
154 U. S. 362, 393.

VI. The ordinance of March 3, 1902, adopted by the city
council of the city of Los Angeles is invalid and void as depriv-
ing the appellant of property without due process of law. *City
of Chicago* v. *Netcher*, 183 Illinois, 104; *Frorer* v. *People*, 141

Illinois, 171; *Ramsey* v. *People*, 142 Illinois, 380; *Braceville Coal Co.* v. *People*, 147 Illinois, 66; Cooley, Const. Lim. \*393.

VII. The ordinance of March 3, 1902, is not within the police power, nor is it a proper police regulation.

(*a*) The determination by the legislative body of what is a proper exercise of the police power is not final or conclusive, but is subject to the supervision of the courts. *People* v. *Budd*, 117 N. Y. 1; *Lawton* v. *Steele*, 152 U. S. 133; Brandon on the Fourteenth Amendment, p. 172.

(*b*) The police power has reference to those things which affect the public health, the public safety, the public comfort, or the public morals. *Noel* v. *People*, 187 Illinois, 587; *State* v. *Donaldson*, 41 Minnesota, 74; *City of Indianapolis* v. *Consumers' Gas Trust Company*, 39 N. E. Rep. (Indiana) 433; *Barthet* v. *City of New Orleans*, 24 Fed. Rep. 564; *City of Buffalo* v. *Chadeayne*, 31 N. E. Rep. (N. Y.) 443; *New Orleans Gas Company* v. *Louisiana Light Company*, 115 U. S. 650; *Walla Walla City* v. *Walla Walla Water Company*, 172 U. S. 115. Also citing and distinguishing *Beer Company* v. *Massachusetts*, 97 U. S. 25; *Fertilizing Company* v. *Hyde Park*, 97 U. S. 659; *Stone* v. *Mississippi*, 101 U. S. 814; *Slaughter House Cases*, 16 Wall. 36; *Butchers' Union Co.* v. *Crescent City Live-Stock Landing Co.*, 111 U. S. 746; *Ex parte Lacey*, 108 California, 326; *Barbier* v. *Connolly*, 113 U. S. 27; *Knoxville* v. *Bird*, 12 Lea, 121; *Davenport* v. *City of Richmond*, 81 Virginia, 636.

VIII. This ordinance is invalid because it is an attempt on the part of the city council of the city of Los Angeles to define and make that a nuisance which is not a nuisance *per se*.

(*a*) Gas works are neither in their erection nor maintenance a nuisance *per se*, and it is not within the power of the city council of the city of Los Angeles to pass an ordinance making that a nuisance which is not a nuisance *per se*, nor could such a declaration make it a nuisance unless it in fact had that character. *New Orleans Gas Co.* v. *Louisiana Light Co.*, 115 U. S. 560; *Yates* v. *Milwaukee*, 10 Wall. 497; *C., R. I. & P. R. R.* v. *Joliet*, 79 Illinois, 25, 44; *Everett* v. *Council Bluffs*, 46 Iowa, 66; *Ex parte Sing Lee*, 96 California, 354; *County of Los Angeles* v. *The Hollywood Cemetery Association*, 124 California, 344;

*Grossman* v. *Oakland*, 36 L. R. A. (Oregon) 593 ; *Stockton Laundry Case*, 31 Fed. Rep. 680 ; *In re Hong Wah*, 82 Fed. Rep. 623 ; *Ex parte Whitall*, 98 California, 73 ; Wood on Nuisances, sec. 744.

(*b*) The power granted in the city charter to *abate* nuisances does not give power to *prevent* except in those cases of nuisances *per se ;* and those things which only become nuisances because of the method of their operation cannot be prevented and stopped under the power to abate until it has been demonstrated they are nuisances. *Lakeview* v. *Letz*, 44 Illinois, 81, 83.

The charter of the city of Los Angeles is a general law of the State of California. Charter of the City of Los Angeles, Statutes of California, 1889, p. 455.

There is no reservation of power in the charter.

(*c*) The provision of section eleven, Article XI, of the constitution of the State of California, as follows: "That any county, city or township may make and enforce within its jurisdiction all such local police, sanitary and other regulations as are not in conflict with general laws," is not a grant of police power. It is simply an extension to counties, cities and towns of the right to exercise powers that are inherent in the legislature as the representative of the people ; but it is in no sense an enlargement of that power. *Ex parte Campbell*, 74 California, 20 ; *Ex parte Roach*, 104 California, 272.

IX. The ordinance of March 3, 1902, is invalid and is in violation of the provisions of the Constitution of the United States prohibiting any State from making or enforcing any law which shall abridge the privileges or immunities of citizens of the United States.

It is invalid as being in violation of the rights of the plaintiff to engage in and conduct a lawful business of erecting gas works in the city of Los Angeles. Brandon on the Fourteenth Amendment, p. 65 ; *Corfield* v. *Coryell*, 4 Wash. C. C. 371.

(*a*) The business of erecting or maintaining a gas works is a lawful occupation. *New Orleans Gas Company* v. *Louisiana Light Co.*, 115 U. S. 650, 658, 669 ; Constitution of the State of California, Article XI, sec. 19 ; *Ex parte Johnston*, 69 Pac. Rep. 973 ; *People* v. *Stevens*, 62 California, 209.

(*b*) A municipality has not the power or right to impose additional burdens or terms or conditions to the exercise of rights created by the sovereign authority of the State in its constitution.   Restrictions in the exercise of these rights are not regulations, and at least impair if they do not deny the exercise of the right.   *Township of Summit* v. *N. Y. & N. J. Tel. Co.*, 57 N. J. Eq. 123; *City of Atlanta* v. *Gate City Gaslight Co,.* 71 Georgia, 106; *Michigan Telephone Company* v. *City of Benton Harbor*, 121 Michigan, 512; *Wisconsin Telephone Company* v. *City of Oshkosh*, 62 Wisconsin, 32; *Appeal of Pittsburg*, 115 Pennsylvania, 4; *Borough of Millvale* v. *Evergreen Railway Co.*, 131 Pennsylvania, 1; *Harrisburg City Pass. R. R. Co.* v. *City of Harrisburg*, 149 Pennsylvania, 465; *State* v. *Flad*, 23 Mo. App. 185; *Hodges* v. *Telegraph Co.*, 72 Mississippi, 910.

The ordinance is also invalid as being unreasonable.

X. A court of equity has power to restrain by injunction a municipality from instituting criminal proceedings when such criminal prosecutions are threatened under color of an invalid ordinance for the purpose of compelling the relinquishment of a property right.   *Central Trust Company* v. *Citizens' St. R. Co.*, 80 Fed. Rep. 225; *S. C.*, 82 Fed. Rep. 1; *Reagan* v. *Trust Co.*, 154 U. S. 362; *Southern Express Co.* v. *Mayor, etc., of Ensley*, 116 Fed. Rep. 756; *Lottery Co.* v. *Fitzpatrick*, 3 Woods, 222; Fed. Cases No. 8541; *Springhead Spinning Company* v. *Riley*, L. R. 6 Eq. 588; *Osborn* v. *United States Bank*, 3 Wheat. 738; *Wood* v. *City of Brooklyn*, 14 Barb. 425; *Manhattan Iron Works* v. *French*, 12 Abbott's N. C. 446; *Rushville* v. *Rushville Natural Gas Co.*, 132 Indiana, 575; *Davis* v. *Fasig*, 128 Indiana, 271; *Platte & D. Canal & Milling Co.* v. *Lee, Mayor*, 29 Pac. Rep. (Colo.) 1036; *Smith* v. *Bangs*, 15 Illinois, 399; *Mayor of Baltimore* v. *Radecke*, 49 Maryland, 218; *Cape May & L. R. Co.* v. *City of Cape May*, 35 N. J. Eq. 409; *Los Angeles City Water Co.* v. *City of Los Angeles*, 103 Fed. Rep. 711; *City of Atlanta* v. *Gate City Gaslight Co.*, 71 Georgia, 196; *City of Austin* v. *Austin City Cemetery Association*, 28 S. W. Rep. (Texas) 528; *Port Mobile* v. *Louisville & N. Railway Co.*, 4 So. Rep. (Alabama) 106; *Smyth* v. *Ames*, 169 U. S. 466,

517; *Detroit* v. *Detroit Citizens' Street Railway Co.*, 184 U. S. 368, 378; *Vicksburg Water Works* v. *Vicksburg*, 185 U. S. 65, 82. Citing also *contra*, opinion of Honorable Olin Wellborn, District Judge, in the case at bar, appearing in the record, reported: *Davis & Farnum Manufacturing Co.* v. *City of Los Angeles*, 115 Fed. Rep. 537. Citing and distinguishing, *Ex parte Sawyer*, 124 U. S. 200; *Suess* v. *Noble*, 31 Fed. Rep. 855; *M. Schandler Bottling Co.* v. *Welch*, 45 Fed. Rep. 283; *Minneapolis Brewing Co.* v. *McGillivray*, 104 Fed. Rep. 272.

XI. The plaintiff has no remedy against the defendant for damages for the wrongful arrest of its employés or for the destruction of its business and property rights. *Stedman* v. *San Francisco*, 63 California, 193; *Chope* v. *Eureka*, 78 California, 508; *Doeg* v. *Cook*, 126 California, 213.

XII. It is not enough that the plaintiff has a remedy at law. It must be as efficient and as prompt in its administration as the remedy in equity. *Boyce* v. *Grundy*, 3 Peters, 377; *Walla Walla City* v. *Walla Walla Water Co.*, 172 U. S. 1, 12; *Insurance Co.* v. *Bailey*, 13 Wall. 616, 621; *Kilbourn* v. *Sunderland*, 130 U. S. 505, 514; *Tyler* v. *Savage*, 143 U. S. 79, 95; 2 Story, Eq. sec. 928.

*Mr. Albert H. Crutcher, Mr. W. B. Mathews, Mr. Le Compte Davis* and *Mr. J. R. Rush* for appellee.

I. A court of equity has no power to interfere with the enforcement of criminal laws. *Ex parte Sawyer*, 124 U. S. 200, 225; *Suess* v. *Noble*, 31 Fed. Rep. 855; *Hemsley* v. *Myers*, 45 Fed. Rep. 286; *Fitts* v. *McGhee*, 172 U. S. 528; *Minneapolis Brewing Co.* v. *McGillivray*, 104 Fed. Rep. 259.

II. A bill in equity will not lie to restrain prosecutions under a municipal ordinance upon the mere ground of its alleged invalidity. *City of Denver* v. *Beede*, 54 Pac. Rep. 624; *Wardens of St. Peter's Episcopal Church* v. *Town of Washington*, 13 S. E. Rep. 700; *State* v. *Wood*, 56 S. W. Rep. 477; *Crighto* v. *Dahmer*, 21 L. R. A. 84; *Wolfe* v. *Burke*, 56 N. Y. 115; *Wallack* v. *Society*, 67 N. Y. 28; *West* v. *Mayor*, 10 Paige, 539; *City of Bainbridge* v. *Reynolds*, 111 Georgia, 758; *Mayor* v. *Patterson*, 34 S. E. Rep. (Georgia, 1900) 600.

III. The cases relied upon by appellant are not in point, or have been overruled. *Stone* v. *Mississippi*, 101 U. S. 814; *Fitts* v. *McGhee*, 172 U. S. 528; *Hemsley* v. *Myers*, 45 Fed. Rep. 283; *Davis & Farnum Mfg. Co.* v. *City of Los Angeles*, 115 Fed. Rep. 537, and cases therein cited.

IV. The enactment of ordinance No. 7029 (New Series) is fully within the police powers delegated to the city of Los Angeles by the State. Constitution of California, Art. XI, sec. 11; Charter of Los Angeles, Art. I, sec. 2; Art. III, secs. 27–40; Stats. 1889, p. 458; Dillon Municipal Corporations, 4th ed. vol. 1, secs. 141, 400; *Butchers' Union, etc.,* v. *Crescent City*, 111 U. S. 746; *Slaughter House Cases*, 16 Wall. 62.

V. The city of Los Angeles, under its police power, was authorized to enact and enforce ordinance No. 7029, irrespective of the question as to whether or not gas works are a nuisance *per se. Ex parte Schrader*, 33 California, 283; *Ex parte Lacy*, 108 California, 326; *Ex parte Heilbron*, 65 California, 609; *Canfield* v. *United States*, 167 U. S. 518; *Crowley* v. *Christensen*, 137 U. S. 87; *Barbier* v. *Connolly*, 113 U. S. 27; *Hing* v. *Crowley*, 113 U. S. 703; *Cleveland* v. *Gaslight, etc.,* 20 N. J. Eq. 201; Dillon Mun. Corp. 4th ed. vol. 1, pp. 216, 472; *Ex parte Byrd*, 4 Am. St. Rep. 328; *Welch* v. *Hotchkiss*, 12 Am. Rep. 385; *Cronin* v. *People*, 37 Am. Rep. 564; *Milne* v. *Davidson*, 16 Am. Dec. 189; *Milwaukee* v. *Gross*, 91 Am. Dec. 472; Tiedeman Police Powers, vol. 2, p. 740.

VI. The court in determining the validity of this ordinance can take into consideration only the face of the ordinance and such facts as the court takes judicial cognizance of. *Powell* v. *Commonwealth of Pennsylvania*, 127 U. S. 678, and cases therein cited.

VII. A municipality cannot give, grant, barter away or part with its right to exercise the police power delegated to it by the State. Cooley Cons. Lim. 6th ed. p. 341; Russell Police Powers, p. 88; *Davenport* v. *City of Richmond*, 81 Virginia, 636; *Newton* v. *City of Galveston*, 13 S. W. Rep. 368; *Butchers' Union* v. *Crescent City*, 111 U. S. 746; *Northwestern Fertilizing Co.* v. *Hyde Park*, 97 U. S. 659.

VIII. All interests in property and rights in contracts,

whether vested or not, are acquired and held by individuals and corporations subject to the right of the State and municipality to exercise their "police power" for the protection of the lives, health, safety and comfort of their citizens. 2 Story Cons. sec. 1954; Cooley Cons. Lim. 6th ed. 707; *Mugler* v. *Kansas*, 123 U. S. 669; *Com.* v *Alger*, 7 Cush. 96; *Corporation of Knoxville* v. *Bird*, 12 B. J. Lea, 121; *City of Salem* v. *Maynes*, 123 Massachusetts, 372; *City of New Orleans* v. *Stafford*, 21 Am. Rep. 563; *Barbier* v. *Connolly*, 113 U. S. 27; *Cleveland* v. *Citizens' Gas Light Co.*, 20 N. J. Eq. 206.

IX. The allegations in appellant's bill, as to the unreasonableness of this ordinance, are not sufficient to justify this court in declaring the ordinance void on the ground that it is unreasonable. *Barbier* v. *Connolly*, 113 U. S. 27; *Hing* v. *Crowley*, 113 U. S. 703; *Slack* v. *Jacob*, 8 W. Va. 612; *Waltman* v. *Philadelphia*, 33 Pa. St. 212; *Munn* v. *Illinois*, 94 U. S. 113; *Darnelly* v. *Cabanns*, 52 Georgia, 212; *Wells* v. *Mayor*, 43 Georgia, 67; *State* v. *Schlenker*, 51 L. R. A. 351; *People* v. *Cipperly*, 4 N. E. Rep. 108; *In re Wilshire*, 103 Fed. Rep. 620; *City of Newton* v. *Joyce*, 166 Massachusetts, 83; *Harmon* v. *City of Lewiston*, 46 Am. St. Rep. 893; Cooley Cons. Lim. 5th ed. 222.

MR. JUSTICE BROWN, after making the foregoing statement, delivered the opinion of the court.

1. As the bill in this case is based not only upon diversity of citizenship, but upon the alleged unconstitutionality of the municipal ordinances of November 25, 1901, and March 3, 1902, as impairing the obligation of Mrs. Dobbins' contract with the city under prior ordinances, an appeal lies directly to this court, and upon such appeal the whole case is opened for consideration. *Horner* v. *United States, No. 2*, 143 U. S. 570; *Chappell* v. *United States*, 160 U. S. 499. The State having delegated certain powers to the city, the ordinances of the municipal authorities in this particular are the acts of the State through one of its properly constituted instrumentalities, and their unconstitutionality is the unconstitutionality of a state law within the

meaning of section 5 of the Circuit Court of Appeals act.  *City Railway Co.* v. *Citizens' R. R. Co.,* 166 U. S. 557; *Penn Mutual Life Insurance Co.* v. *Austin,* 168 U. S. 685, 694; *St. Paul Gas Light Co.* v. *St. Paul,* 181 U. S. 142, 148.

2. The court below did not pass upon the validity of these ordinances, but came to the conclusion that a bill in equity would not lie to restrain their enforcement, and in this aspect we shall discuss the case.  As the only method employed for the enforcement of these ordinances was by criminal proceedings, it follows that the prayer of the bill to enjoin the city from enforcing these ordinances, or prevent plaintiff from carrying out its work, must be construed as demanding the discontinuance of such criminal proceedings as were already pending, and inhibiting the institution of others of a similar character.

That a court of equity has no general power to enjoin or stay criminal proceedings unless they are instituted by a party to a suit already pending before it, and to try the same right that is in issue there, or to prohibit the invasion of the rights of property by the enforcement of an unconstitutional law, was so fully considered and settled in an elaborate opinion by Mr. Justice Gray, *In re Sawyer,* 124 U. S. 200, that no further reference to prior authorities is deemed necessary, and we have little more to do than to consider whether there is anything exceptional in the case under consideration to take it out of the general rule.  The plaintiff in the case of *Sawyer* sought to restrain the mayor and committee of a city in Nebraska from removing a city officer under charges filed against him for malfeasance in office.  This was held to fall within the general rule and not within the exception.

The general rule that a Circuit Court of the United States, sitting as a court of equity, cannot stay by injunction proceedings pending in a state court to enforce the criminal laws of such State, was applied in *Harkrader* v. *Wadley,* 172 U. S. 148, to a case where the plaintiff sought to enjoin proceedings against him for the embezzlement of the assets of a bank; and in *Fitts* v. *McGhee,* 172 U. S. 516, to a suit brought by the receiver of a railroad against the attorney general of the State to restrain him from instituting or prosecuting criminal proceed-

ings to enforce against the plaintiff the provisions of a state law reducing the tolls, which had been exacted of the public by the railroad, of which the plaintiff was receiver. This was held to be in reality a suit against the State to enjoin the institution of criminal proceedings, and hence within the general rule. See also *Prout* v. *Starr*, 188 U. S. 537.

Plaintiff seeks to maintain its bill under the exception above noted, wherein, in a few cases, an injunction has been allowed to issue to restrain an invasion of rights of property by the enforcement of an unconstitutional law, where such enforcement would result in irreparable damages to the plaintiff. It cites in that regard the case of *Reagan* v. *Farmers' Loan & Trust Co.*, 154 U. S. 362, in which, under a law of Texas giving express authority to a railroad company or other party in interest to bring suit against the railroad commissioners of that State, a bill was sustained against such commission to restrain the enforcement of unreasonable and unjust rates, and in the opinion a few instances were cited where bills were sustained against officers of the State, who, under color of an unconstitutional statute, were committing acts of wrong and injury to the rights and property of the plaintiff acquired under a contract with the State. It would seem that, if there were jurisdiction in a court of equity to enjoin the invasion of property rights through the instrumentality of an unconstitutional law, that jurisdiction would not be ousted by the fact that the State had chosen to assert its power to enforce such law by indictment or other criminal proceeding. *Springhead Spinning Co.* v. *Riley*, L. R. 6 Eq. 551, 558.

In order to determine the exact property rights at stake in the case under consideration it should be borne in mind that this is not a bill by Mrs. Dobbins, the owner of the land and of the proposed gas works, to enjoin the city from interfering with carrying out the permit she had obtained to erect these gas works, nor by the Valley Gas and Fuel Company, with which she had made a contract to erect these works; but by a subcontractor, which had made a contract with the Gas and Fuel Company to erect for *it*, and upon premises to be designated by Mrs. Dobbins, a water tank and gas holder; and, without even

alleging that the Gas and Fuel Company had refused to carry out its contract, or pay to plaintiff damages, or that Mrs. Dobbins had refused to settle any claim the Gas and Fuel Company might have against her, seeks to enjoin the city of Los Angeles in the assumed right of Mrs. Dobbins from interfering with its servants and employés, and from preventing plaintiff from carrying out the work of erecting the water tank and gas holder, and also to desist and refrain from enforcing its ordinances. It sets up no contract of its own with the city which the municipal ordinances have impaired, but a contract of the city with Mrs. Dobbins, to which it was no party, in which it had no direct interest, and that, too, without averring that the Gas and Fuel Company was insolvent, or unable to respond to its claim for damages.   It proceeds wholly upon the assumption that the revocation of Mrs. Dobbins' license will operate injuriously to it, and that it cannot obtain a full and adequate remedy at law by an action against the Gas and Fuel Company upon its contract to pay the price agreed upon between them.

It is true the bill is based upon the theory that plaintiff would suffer great and irreparable loss by the interference of the city and by the exposed condition of the works, and that the refusal of an injunction would result in innumerable actions at law and a multiplicity of suits, which would have to be instituted at great expense and without the possibility of recovering indemnity.   We are not, however, bound by this allegation, when the facts set forth in the bill show that, if the plaintiff be entitled to a remedy at all, it has an action against the Gas and Fuel Company, which is presumed at least to be able to respond in damages for all such as plaintiff may have suffered by the interruption of the contract.   Whether the Gas and Fuel Company in such action could defend upon the ground that the municipality had forbidden the prosecution of the work, might depend somewhat upon the terms of the contract, and upon the right of the Gas and Fuel Company to take advantage of the interference of the city.   As to this we express no opinion.   It is true the employés of the plaintiff were arrested, but that fact alone wrought no legal injury to the plaintiff, since if it were prevented from any cause for which the Gas and Fuel Com-

pany were chargeable, it might bring an action for damages against that company, with which alone its contract was made, and recover such damages as it could prove to have sustained.

It is true that in a number of cases bills have been sustained by one or more stockholders in a corporation against the corporation and other parties, to restrain the enforcement of an unconstitutional law against the corporation itself, but it has always been held, and general equity rule 94 requires, that such bill must contain an allegation under oath that the suit is not a collusive one to confer on a court of the United States jurisdiction, and must also contain an allegation that the directors of a corporation have refused to institute the proceedings themselves in the name of such corporation, and the efforts of the plaintiff to secure such action on the part of the directors, and the cause of his failure to obtain it. *Dodge* v. *Woolsey*, 18 How. 331; *Hawes* v. *Oakland*, 104 U. S. 450; *Corbus* v. *Alaska Co.*, 187 U. S. 455. This rule, however, has no application to sub-contractors who stand in no position to enforce the right of their immediate contractors, such as was the Gas and Fuel Company, or of the owner of the property who had agreed with such immediate contractors to do the work. The plaintiff in this case stands practically in the position of one who seeks to take advantage of the unconstitutionality of a law in which it has only an indirect interest, and by the enforcement of which it has suffered no legal injury. In this it stands much in the position of the plaintiff in *Tyler* v. *Court of Registration*, 179 U. S. 405, and in *Turpin* v. *Lemon*, 187 U. S. 51; *In re Wellington*, 16 Pick. 87, 96; *Sinclair* v. *Jackson*, 8 Cow. 543; *Jones* v. *Black*, 48 Alabama, 540; *Shehane* v. *Bailey*, 110 Alabama, 308; *Dejarnett* v. *Haynes*, 23 Mississippi, 600.

In this connection, also, the appellant cites the case of *Reagan* v. *Farmers' Loan & Trust Co.*, 154 U. S. 362, 393, in which we held that the trustee of the bondholders of a railway corporation could maintain a suit against the state railway commission to restrain the enforcement of unreasonable and unjust rates. The case, however, was put upon the express ground that the bondholders were the equitable and the beneficial owners of the property of the corporation, and in that capacity

might "invoke the judgment of the Federal courts as to whether the contract rights created by the charter, and of which it is thus the beneficial owner, are violated by subsequent acts of the State in limitation of the right to collect tolls." In that case the bondholders were not only the beneficial owners of the property, but a reduction of the tolls might have resulted in the practical destruction of their securities, and unless the bill were maintained they were practically remediless. The case has but a remote analogy to the one under consideration.

As the appellant has shown no legal interest in this litigation, and no lack of a complete and adequate remedy at law, it results that the bill was properly dismissed, and the decree of the court below is therefore

*Affirmed.*