MOSS & CO. v. McCARTHY et al.

(Circuit Court, N. D. California.   September 27, 1911.)

1. INJUNCTION (§ 105*)—SCOPE OF RELIEF—INSTITUTION AND PROSECUTION OF CRIMINAL CHARGES.

Where a bill to enjoin the enforcement by municipal authorities of an ordinance against bucket shops, while nominally against certain threatened acts of the mayor and chief of police, was in reality a bill to restrain the institution and prosecution of criminal charges against complainant, or its servants, agents, and patrons, for misdemeanors created by the ordinance, it was unsustainable under the rule that equity has no general power to interfere to stay criminal proceedings unless instituted by a party to a suit already pending before it, and to try the same right that is in issue there, or to prohibit the invasion of the rights of property by the enforcement of an unconstitutional law.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 178, 179; Dec. Dig. § 105.*

Restraining criminal proceedings, see note to Arbuckle v. Blackburn, 51 C. C. A. 133.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

2. INJUNCTION (§ 105*)—CRIMINAL PROCEEDINGS—EQUITY JURISDICTION—INVASION OF PROPERTY RIGHTS.

Where a suit was instituted against the municipal authorities of a city to restrain the enforcement of a criminal ordinance prohibiting bucket shops, an allegation that complainant had invested large sums of money in renting and fitting up offices in such city and elsewhere, and that the defendant mayor had stated and threatened that he would destroy complainant's business, and that the chief of police had threatened to enforce the ordinance by making a raid on plaintiff's place of business and arresting plaintiff's patrons and tearing down the office appurtenances, etc., not within the contemplation of the ordinance, was insufficient to justify equitable relief on the theory that an injunction was necessary to restrain a threatened invasion of property rights.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 177; Dec. Dig. § 105.*]

3. INJUNCTION (§ 105*)—PENAL ORDINANCE—ENFORCEMENT—INJURY TO PROPERTY RIGHTS.

The threatened invasion or injury to property rights essential to sustain a bill for an injunction to restrain the enforcement of a penal ordinance must be an injury which naturally and necessarily follows the threatened enforcement of the ordinance, and not a loss, damage, or detriment flowing merely incidentally or consequentially therefrom, through the arrest and prosecution of the person threatened.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 177; Dec. Dig. § 105.*]

4. INJUNCTION (§ 105*)—PENAL ORDINANCE—ENFORCEMENT.

That defendants may be frequently indicted for violation of a penal ordinance constitutes no reason why a federal court of equity should assume to interfere with the ordinary course of criminal procedure in the state court by granting an injunction restraining the enforcement of the ordinance on the claim that it was unconstitutional.

[Ed. Note.—For other cases, see Injunction, Dec. Dig. § 105.*]

5. COURTS (§ 493*)—JURISDICTION—FRAUD.

Complainant, a Nevada corporation, operating bucket shops in California, filed a bill in equity to restrain the municipal officers of San Francisco from enforcing a penal ordinance prohibiting bucket shops on the ground that the ordinance was unconstitutional. Before filing the bill, a suit of precisely the same nature and purpose and seeking the same relief was commenced in the state court by a corporation of the same name as complainant, but alleging itself to be a California corporation. The parties defendant to both suits were the same, and both complaints were verified by the same individual. The state court denied a motion in the state suit for an injunction pendente lite on May 31st, but at the request of the plaintiff temporarily restrained the enforcement of the ordinance until June 6. 1911, and during the pendency of such temporary stay complainant filed its articles in Nevada on June 2d, and on June 3d, while the action was still pending in the state court, filed the present bill. *Held* to conclusively show an attempt to confer jurisdiction on the federal court by fraud, and, the state court having first taken jurisdiction, the complainant's bill could not be maintained.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1346–1353; Dec. Dig. § 493.*

Conflict of jurisdiction with state courts, see note to Louisville Trust Co. v. City of Cincinnati, 22 C. C. A. 356.]

In Equity. Bill by Moss & Co., against P. H. McCarthy and others. Dismissed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

L. S. Melsted and Edwin H. Williams, for complainant.

Charles M. Fickert, Dist. Atty., and Aylett R. Cotton, Jr., Asst. Dist. Atty., for defendants.

VAN FLEET, District Judge. This is a bill in equity seeking to enjoin the enforcement by the municipal authorities of the city and county of San Francisco of an ordinance passed by its board of supervisors "to prohibit bucketing and bucket shopping and to abolish bucket shops" therein, and providing for the punishment by fine and imprisonment of those who violate its provisions, on the ground that such ordinance is in violation of complainant's rights guaranteed by the Constitution of the United States, in that it unduly limits its right of contract and is unreasonable, arbitrary, and discriminatory.

There are two reasons why the court is not called upon to examine into the question of the validity of the ordinance in question or to determine whether it violates complainant's rights in the respects complained of.

[1] In the first place, the bill does not state a case justifying the interposition of a court of equity. An inspection of the ordinance in question discloses that it is purely penal in character, and is to be enforced only by the arrest and prosecution of one charged with a violation of its provisions, and his conviction thereof in the courts of the state. The relief sought, therefore, while nominally against certain threatened acts of the mayor and chief of police, hereinafter noticed, is in reality but to restrain the institution and prosecution of criminal charges against the complainant, or its servants and agents and patrons, for misdemeanors created by the ordinance. Such relief it is not within the province of equity to afford. It is well established that a court of equity has no general power to interfere to stay the hand of the state authorities in the institution or prosecution of criminal proceedings "unless they are instituted by a party to a suit already pending before it, and to try the same right that is in issue there or to prohibit the invasion of the rights of property by the enforcement of an unconstitutional law." Davis & Farnham Mfg. Co. v. Los Angeles, 189 U. S. 207, 217, 23 Sup. Ct. 498, 500, 47 L. Ed. 778.

"The office and jurisdiction of a court of equity," say the Supreme Court in Re Sawyer, 124 U. S. 200, 8 Sup. Ct. 482, 31 L. Ed. 402, "are limited to the protection of rights of property. It has no jurisdiction over the prosecution, the punishment, or the pardon of crimes or misdemeanors, or over the appointment and removal of public officers. To assume such a jurisdiction, or to sustain a bill in equity to restrain or relieve against proceedings for the punishment of offences, or for the removal of public officers, is to invade the domain of the courts of common law, or of the executive and administrative department of the government."

See, also, Fitts v. McGhee, 172 U. S. 516, 19 Sup. Ct. 269, 43 L. Ed. 535, and cases there referred to.

In this last case, in speaking of the remedy of one assailed by arrest or prosecution under an unconstitutional law by officers of the state, it is said:

"Under the view we take of the question, the citizen is not without effective remedy, when proceeded against under a legislative enactment void for re-

pugnancy to the supreme law of the land; for, whatever the form of proceeding against him, he can make his defense upon the ground that the statute is unconstitutional and void. And that question can be ultimately brought to this court for final determination. * * *

"Let them appear to the indictment and defend themselves upon the ground that the state statute is repugnant to the Constitution of the United States. The state court is competent to determine the question thus raised, and is under a duty to enforce the mandates of the supreme law of the land. Robb v. Connolly, 111 U. S. 624 [4 Sup. Ct. 544, 28 L. Ed. 542]. And, if the question is determined adversely to the defendants in the highest court of the state in which the decision could be had, the judgment may be re-examined by this court upon writ of error. That the defendants may be frequently indicted constitutes no reason why a federal court of equity should assume to interfere with the ordinary course of criminal procedure in a state court."

[2] By certain averments in its bill complainant seeks to bring the case within the exception above noted, that equity will interfere to restrain a threatened invasion of property rights. In that regard it is alleged that complainant has invested large sums of money in renting and fitting up offices, of which it has a number in San Francisco and in other places in the state and on the Coast, all connected by wires leased for the purpose, and provided with paraphernalia for carrying on its business of brokerage in dealing in stocks, bonds, and other securities sold on the stock market; that the defendant McCarthy, the mayor, has stated and threatened, prior to the adoption of the ordinance, that "he would make it his business to see that the business now owned by your orator would be destroyed, and that it would be made impossible for said business to be longer conducted"; that the defendant Seymour, the chief of police, has threatened to enforce the ordinance and has "refused to promise or agree to arrest a single person so that the constitutionality of this ordinance could be tested without destroying plaintiff's business, and intimated that he would enforce said ordinance by making a raid upon the place of business of your orator in said city and county of San Francisco, and arrest the patrons of said business and tear down the office appurtenances used in the conduct of said business and make it impossible for said business to remain in operation, but would compel the same to close"; and that like threats have been made by one of the captains of police under the directions and authority of said chief. And it is alleged:

"That the commission of said acts by defendants will destroy plaintiff's business and will produce great and irreparable injury to your orator, and that no pecuniary compensation will afford your orator adequate relief, and that the amount of damages which said acts would cause could not be estimated at law, and that plaintiff has no plain, speedy, or adequate relief or remedy at law."

[3] These averments do not make a case within the exception sought to be invoked. The threatened invasion or injury to property rights must be an injury which will naturally and necessarily follow the threatened enforcement of the obnoxious ordinance; not a loss, damage, or detriment flowing merely incidentally or consequentially therefrom, through the arrest and prosecution of the party threatened, however irksome or expensive such action may prove. Davis & Farnham Mfg. Co. v. Los Angeles, supra; Fitts v. McGhee, supra; Camden Interstate Ry. Co. v. Catlettsburg (C. C.) 129 Fed. 421.

In Davis & Farnham Mfg. Co. v. Los Angeles, it is held that the fact that the enforcement of the ordinance by the arrest of complainant's employés would greatly damage complainant by preventing it from carrying out its contract for the .erection of certain gasworks, and thereby cause it loss and injury, did not bring the case within the exception, since complainant had no contract with the city which would be impaired, but had its remedy at law for any damages it would suffer..

In Fitts v. McGhee, where the act assailed sought to reduce complainant's tolls collectible under a franchise held by it and imposed penalties for charging higher tolls than those fixed by the act, it was sought to enjoin the officers of the state from taking proceedings to enforce the penalties, on the ground that the act was unconstitutional because confiscatory and unreasonable and would deprive complainant of its property without due process of law. It was held that the case was not within the exception which would authorize a court of equity to restrain the threatened criminal proceedings; and it is said, in speaking of the remedy to which complainant could resort against the threatened acts of the state authorities:

"If their officers commit acts of trespass or wrong to the citizen, they may be individually proceeded against for such trespass or wrong."

[4] And as further said in that case:

"That the defendants may be frequently indicted constitutes no reason why a federal court of equity should assume to interfere with the ordinary course. of criminal procedure in a state court."

And in Camden Interstate Ry. Co. v. Catlettsburg, where the city was threatening to enforce by criminal proceedings an ordinance alleged to be an unconstitutional invasion of complainant's rights in requiring it at great expense to maintain gates or watchmen at street crossings, it was held that the facts did not justify a court of equity in granting an injunction against the threatened acts of the city authorities, as it did not present an instance of the invasion of property rights within the exception.

The case of Dobbins v. Los Angeles, 195 U. S. 223, 25 Sup. Ct. 18, 49 L. Ed. 169, and the cases therein referred to, aptly illustrate the class of cases coming within the exception; and it will at .once be seen that they have no application to facts such as are here alleged. In the main case, under the allegations of the bill the facts were disclosed that complainant had acquired the right under prior ordinances of the city entitling her to proceed, and she was proceeding, to erect her gasworks in a certain territory; and it was held that a subsequent ordinance making it unlawful to erect such works in the designated district was, under the circumstances shown, such a palpable invasion of, and would so inevitably result in the destruction of, her property rights, as to entitle her to enjoin its enforcement—notwithstanding the result would be to restrain the prosecution of criminal proceedings.

Under these authorities it is apparent that the averments of the bill as to the threatened acts of the defendants looking to an invasion of complainant's property rights are purely colorable, and the averment that its property will be thereby destroyed a mere unsupported con-

clusion. Independently of the denials in the return of any purpose in the defendants to interfere with complainant's property or rights other than by the arrest and prosecution of those violating the ordinance, the court will take cognizance of the fact that the ordinance authorizes no act to be done by the municipal officers thereunder beyond such arrest and prosecution of the individuals violating its provisions; and, whatever threats the defendants may have indulged in as individuals, it will not be presumed that as officers they will exceed their authority under the ordinance. The ordinance gives no right to "raid" complainant's offices or "close" its business; and, should any steps of that character be attempted, they would constitute naked trespasses for which. as held in Fitts v. McGhee, the perpetrators would be personally liable for any damage resulting therefrom. The case, therefore, falls strictly within the general rule which prevents this court from interfering by injunction.

[5] The second ground which precludes the court from looking into the merits is the fact, which I think is clearly disclosed by the record, that the case presents a merely colorable and collusive effort to impose jurisdiction upon this court. It appears from the return to the order to show cause that shortly prior to the filing of the bill in this court a suit of precisely similar nature and purpose, and seeking the same relief, was commenced in the superior court of the state; it was commenced by a corporation of the same name as the complainant in this bill, but alleging itself to be a corporation organized and existing under the laws of the state of California, while the complainant in the present bill is alleged to be a corporation organized and existing under the laws of the state of Nevada; it counts upon the invalidity of the same ordinance, and bases its claim to relief upon a threatened interference thereunder by the defendants therein with the same property and property rights as those sought to be protected by the present bill; the defendants named are the chief of police of the city and county of San Francisco and others sued by fictitious names, while the defendants named in the present bill are the same chief of police, the mayor, and a number of fictitious persons; that suit was filed May 3, 1911, the complaint being verified by H. A. Moss, the same individual who verifies the bill filed here; thereafter, on May 31st, the state court denied a motion made in that suit for an injunction pendente lite, but at the request of the plaintiff temporarily restrained the hand of the chief of police in proceeding to enforce the ordinance, until June 6, 1911. It was during the pendency of this temporary stay that the present bill was filed here. The record showing that the complainant herein filed its articles of incorporation in the state of Nevada on June 2, 1911, and on the next day, June 3d, while the action in the state court was yet pending, filed its bill in this court; and, so far as appears, that action is still pending and undetermined.

That the court is justified in saying from the facts thus disclosed that the controversy sought to be presented by this bill is the same controversy involved in the suit in the state court I think there can be no doubt. The nominal difference in the parties is not the determinative factor. It is not a question of the legal sufficiency of the proceedings

taken by the complainant to create itself a corporation of the state of Nevada; indeed, the question is not at all, as assumed by complainant, a question of the diversity of citizenship, since that necessity does not exist if the controversy really and in good faith involves a right claimed under the Constitution of the United States. The material question presented is whether this court is being imposed upon under an outward semblance of propriety to induce it to take jurisdiction of a controversy already, by prior right, possessed by a court of a sister jurisdiction and there undetermined. Complainant's legal existence as a corporation may be unassailable, but that will not aid it if in fact its creation was merely part of a scheme to improperly foist jurisdiction on this court. A court of equity may and should look beneath the mere superficial garb in which a question or a party is clothed to determine if the case is really what it seems; and lifting the folds of the cloak in this instance, I think, as stated, that we discover the same individual controversy as that pending in the state court. That being so, that controversy will be left to be dealt with by the tribunal to which it was first voluntarily submitted and which in all respects is as competent to protect the rights of the complainant as this court.

The case comes, I think, strongly within the principles of Lehigh M. & M. Co. v. Kelly, 160 U. S. 327, 16 Sup. Ct. 307, 40 L. Ed. 444, wherein the kindred cases are fully reviewed, and in which it is held that similar facts "made of the transaction a mere device to give jurisdiction to the Circuit Court, and that it was a fraud upon that court as well as a wrong to the defendants."

For these reasons, the restraining order is vacated, and the bill is dismissed.