## LEE et al. v. CITY OF EL CAMPO, TEX., et al.

### No. 164.

District Court, S. D. Texas, Galveston Division.

Jan. 22, 1943.

Judgment Affirmed June 3, 1943.

See 135 F.2d 740.

Tom S. Williams, of Sulphur Springs, Tex., for plaintiffs.

Donald M. Duson, of El Campo, Tex., and Chas. C. Ingram, Jr., of Wharton, Tex., for defendants.

KENNERLY, District Judge.

This is a suit by plaintiffs against defendants to enjoin the enforcement of certain ordinances promulgated by the City of El Campo, the City of Wharton, and the City of Alvin, all in the State of Texas.

The case has been tried upon a stipulation of facts, and in addition thereto, copies of two ordinances. There seems no good reason to copy such stipulation here, but it and the ordinances are referred to and made a part hereof.

It is clear that plaintiffs' complaint should be dismissed. The ordinances complained of by plaintiffs provide for prosecutions against and the assessment of penalties against those who violate them. Two cases for such violations, according to the stipulation, are now pending. These Cities are but arms of the State Government, and the enforcement of their ordinances is the same or similar to the enforcement of a criminal statute of a State. In Spielman Motor Sales Co. v. Dodge, 295 U.S. 89, 95, 55 S.Ct. 678, 680, 79 L.Ed. 1322, it is said: "The general rule is that equity will not interfere to prevent the enforcement of a criminal statute even though unconstitutional. Hygrade Provision Co. v. Sherman, 266 U.S. 497, 500, 45 S.Ct. 141, 69 L.Ed. 402. See, also, In re Sawyer, 124 U.S. 200, 209–211, 8 S.Ct. 482, 31 L.Ed. 402; Davis & Farnum Manufacturing Co. v. Los Angeles, 189 U.S. 207, 217, 23 S.Ct. 498, 47 L.Ed. 778. To justify such interference there must be exceptional circumstances and a clear showing that an injunction is necessary in order to afford adequate protection of constitutional rights. See Terrace v. Thompson, 263 U.S. 197, 214, 44 S.Ct. 15, 68 L.Ed. 255; Packard v. Banton, 264 U.S. 140, 143, 44 S.Ct. 257, 68 L.Ed. 596; Tyson v. Banton, 273 U.S. 418, 428, 47 S.Ct. 426, 71 L.Ed. 718, 58 A.L.R. 1236; Cline v. Frink Dairy Co., 274 U.S. 445, 452, 47 S.Ct. 681, 71 L.Ed. 1146; Ex parte Young, 209 U.S. 123, 161, 162, 28 S.Ct. 441, 52 L.Ed. 714, 13 L.R.A.,N.S., 932, 14 Ann.Cas. 764. We have said that it must appear that 'the danger of irreparable loss is both great and immediate'; otherwise, the accused should first set up his defense in the state court, even though the validity of a statute is challenged. There is ample opportunity for ultimate review by this Court of federal questions. Fenner v. Boykin, 271 U.S. 240, 243, 244, 46 S.Ct. 492, 70 L.Ed. 927."

There appears neither in the pleadings nor in the stipulation exceptional circumstances or reasons to justify this Court in enjoining the enforcement of the ordi-

nances rather than to require plaintiffs to set up their defenses in a prosecution in the State or City Courts. Schneider v. State of New Jersey, 308 U.S. 147, 159, 60 S.Ct. 146, 84 L.Ed. 155; Cantwell v. Connecticut, 310 U.S. 296, 300, 60 S.Ct. 900, 84 L.Ed. 1213, 128 A.L.R. 1352; Lovell v. Griffin, 303 U.S. 444, 445, 58 S:Ct. 666, 82 L.Ed. 949, and Jones ·v. City of Opelika, 316 U.S. 584, 585, 62 S.Ct. 1231, 86 L.Ed., 1691, 141 A.L.R. 514, upon which plaintiffs rely, were all cases in·which the constitutionality of similar statutes or ordinances were attacked, but which reached the Supreme Court of the United States through the State Court. Hague v. C.I.O., 307 U.S. 497, 528, 59 S.Ct. 954, 83 L.Ed. 1423, was a suit brought originally in a United States District Court, but the facts and questions there are quite different from the facts and questions here.

I do not find it necessary to pass upon the question of the jurisdiction of this Court, nor upon any other questions, but, for the reasons stated, my conclusion is that plaintiffs' complaint should be dismissed. Let an order be drawn and presented accordingly.