SPENCE, Chief of Police, v. COLE et al.

No. 5082.

Circuit Court of Appeals, Fourth Circuit.

July 14, 1943.

John H. Hall, of Elizabeth City, N.C. (J. W. Jennette, of Elizabeth City, N.C., (on the brief), for appellant.

Hayden C. Covington, of Brooklyn, N. Y., for appellees.

Before PARKER, SOPER, and NORTHCOTT, Circuit Judges.

PER CURIAM.

This is an appeal from a decree enjoining the Chief of Police of Elizabeth City, N. C., from arresting or interfering with plaintiffs in preaching the Gospel or in distributing booklets, tracts and pamphlets used by them for the purpose of stimulating private Bible study. Plaintiffs are members of the sect known as Jehovah's Witnesses. They were threatened with prosecution by defendant for violating an ordinance of Elizabeth City which declared it to be a nuisance for solicitors, peddlers, hawkers, itinerant merchants or transient vendors of merchandise to go in or upon private residences or premises, without the request or invitation of the owners or occupants, for the purpose of soliciting orders for goods, wares and merchandise or peddling, hawking or disposing of same. The evidence showed that plaintiffs had been going from house to house in the city distributing the pamphlets of their sect and seeking to collect a small sum of money therefor. The judge below held that their activities did not constitute a violation of the ordinance, but that defendant was attempting to enforce it against them in such way as to violate their constitutional rights. The injunction granted did not enjoin the prosecution of criminal cases already pending in which plaintiffs were being prosecuted for violation of the ordinance, but restrained future prosecutions.

We may assume that the enforcement of the ordinance against plaintiffs under the circumstances here disclosed would constitute a violation of their constitutional rights. Murdock v. Commonwealth of Pennsylvania, 63 S.Ct. 870, 87 L.Ed. ——. But it does not follow that plaintiffs are entitled to the injunction granted them below. There was no showing of such irreparable injury as would warrant a court of equity in restraining criminal prosecutions; and there is no reason to think that the state courts would not protect the constitutional rights of plaintiffs upon such prosecutions being in-

stituted. The case is clearly one for the application of the rule laid down by the Supreme Court in Douglas v. City of Jeannette, 63 S.Ct. 877, 881, 87 L.Ed. ——, as follows: "It is a familiar rule that courts of equity do not ordinarily restrain criminal prosecutions. No person is immune from prosecution in good faith for his alleged criminal acts. Its imminence, even though alleged to be in violation of constitutional guaranties, is not a ground for equity relief since the lawfulness or constitutionality of the statute or ordinance on which the prosecution is based may be determined as readily in the criminal case as in a suit for an injunction. Davis & Farnum Mfg. Co. v. City of Los Angeles, 189 U.S. 207, 23 S. Ct. 498, 47 L.Ed. 778; Fenner v. Boykin, 271 U.S. 240, 46 S.Ct. 492, 70 L.Ed. 927. Where the threatened prosecution is by state officers for alleged violations of a state law, the state courts are the final arbiters of its meaning and application, subject only to review by this Court on federal grounds appropriately asserted. Hence the arrest by the federal courts of the processes of the criminal law within the states, and the determination of questions of criminal liability under state law by a federal court of equity, are to be supported only on a showing of danger of irreparable injury 'both great and immediate.' Spielman Motor Sales Co. v. Dodge, 295 U.S. 89, 95, 55 S.Ct. 678, 680, 79 L.Ed. 1322, and cases cited; Beal v. Missouri Pac. R. Corp., 312 U.S. 45, 49, 61 S.Ct. 418, 420, 85 L.Ed. 577; and cases cited; Watson v. Buck, 313 U.S. 387, 61 S. Ct. 962, 85 L.Ed. 1416; Williams v. Miller, 317 U.S. 599, 63 S.Ct. 258, 87 L.Ed.——."

We are asked to hold that plaintiffs are entitled to a declaratory judgment establishing their rights. The granting of a declaratory judgment, however, is a matter resting in the sound discretion of the court (Ætna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321); and it is clear that the discretion ought not be exercised in a case of this character where its only effect would be to decide matters, as pointed out in the quotation above, which could be better decided in the criminal courts of the state. This is particularly true in view of the fact that criminal actions are pending against plaintiffs in the state courts involving the identical questions as to which plaintiffs ask a declaratory judgment. See Borchard Declaratory Judgments 2d ed. pp. 312, 653, 1022; Ætna Casualty & Surety Co. v. Quarles, supra.

The decree appealed from will accordingly be reversed.

Reversed.