938

WHISLER et al. v. CITY OF WEST
PLAINS, MO., et al.

No. 12317.

Circuit Court of Appeals, Eighth Circuit.

Oct. 6, 1943.

Hayden C. Covington, of Brooklyn, N. Y.,
for appellants.

No appearance for appellees.

Before SANBORN and RIDDICK, Circuit Judges, and LEMLEY, District Judge.

SANBORN, Circuit Judge.

This appeal is from a judgment dismissing the appellants' complaint in an action which they brought, under the Civil Rights Act, 8 U.S.C.A. § 43, to restrain the appellees from prosecuting them for alleged violations of certain ordinances of the City of West Plains, Missouri. The appellants are members of Jehovah's Witnesses, and the action was instituted by them on their own behalf and on behalf of all Jehovah's Witnesses situated in Howell County, Missouri. In their complaint, the appellants asserted, in effect, that the ordinances in suit, as construed and applied to their activities in distributing religious literature upon the streets and from door to door in the City of West Plains, were violative of their constitutional rights; and that they were suffering, and were threatened with, irreparable injury and had no adequate remedy at law. They asked for an injunction and for a declaration of the invalidity of the ordinances as construed and applied to them. Issues were joined and the case was tried upon a stipulation of facts. The District Court ruled that it had jurisdiction under 28 U.S.C.A. § 41(14), and that the ordinances were not invalid or inapplicable to the appellants' activities. It dismissed their complaint. All of this occurred before the Supreme Court of the United States decided the cases of Murdock v. Pennsylvania, 319 U.S. 105, 63 S.Ct. 870, 87 L. Ed.——, and Martin v. City of Struthers, 319 U.S. 141, 63 S.Ct. 862, 87 L.Ed.—— (which declared the law with respect to ordinances interfering with the freedom of Jehovah's Witnesses to engage in their customary activities in distributing their religious literature and spreading their religious ideas), and the case of Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 882, 87 L.Ed.—— (which dealt with the question of the propriety of the granting of an injunction by a Federal District Court to prohibit prosecutions in the courts of a state for alleged violations of such ordinances). While it is apparent that these decisions of the Supreme Court have left little, if anything, of substance for decision in this case, we are required to determine whether the judgment appealed from shall be affirmed or reversed.

■ In Douglas v. City of Jeannette, supra, page 163 of 319 U.S., page 881 of 63 S.Ct., 87 L.Ed. ——, the Supreme Court said: "It is a familiar rule that courts of

equity do not ordinarily restrain criminal prosecutions. No person is immune from prosecution in good faith for his alleged criminal acts. Its imminence, even though alleged to be in violation of constitutional guaranties, is not a ground for equity relief since the lawfulness or constitutionality of the statute or ordinance on which the prosecution is based may be determined as readily in the criminal case as in a suit for an injunction. Davis & Farnum Mfg. Co. v. Los Angeles, 189 U.S. 207, 23 S.Ct. 498, 47 L.Ed. 778; Fenner v. Boykin, 271 U.S. 240, 46 S.Ct. 492, 70 L.Ed. 927. Where the threatened prosecution is by state officers for alleged violations of a state law, the state courts are the final arbiters of its meaning and application, subject only to review by this Court on federal grounds appropriately asserted. Hence the arrest by the federal courts of the processes of the criminal law within the states, and the determination of questions of criminal liability under state law by a federal court of equity, are to be supported only on a showing of danger of irreparable injury 'both great and immediate.' Spielman Motor Co. v. Dodge, 295 U.S. 89, 95, 55 S. Ct. 678, 680, 79 L.Ed. 1322, and cases cited; Beal v. Missouri Pacific R. Corp., 312 U.S. 45, 49, 61 S.Ct. 418, 420, 85 L.Ed. 577, and cases cited; Watson v. Buck, 313 U.S. 387, 61 S.Ct. 962, 85 L.Ed. 1416; Williams v. Miller, 317 U.S. 599, 63 S.Ct. 258, 87 L.Fd.——.''

The Supreme Court also said (page 164 of 319 U.S., page 881 of 63 S.Ct., 87 L. Ed.——): " * * * It does not appear from the record that petitioners have been threatened with any injury other than that incidental to every criminal proceeding brought lawfully and in good faith, or that a federal court of equity by withdrawing the determination of guilt from the state courts could rightly afford petitioners any protection which they could not secure by prompt trial and appeal pursued to this Court. In these respects the case differs from Hague v. C.I.O., supra, 307 U.S. [496], at pages 501, 502, 59 S.Ct. [954], at pages 957, 958, 83 L.Ed. 1423, where local officials forcibly broke up meetings of the complainants and in many instances forcibly deported them from the state without trial."

The Supreme Court stated that it found "no ground for supposing that the intervention of a federal court, in order to secure petitioners' constitutional rights, will be either necessary or appropriate." It, therefore, appears that in the instant case the failure of the District Court to grant an injunction upon a record which is apparently substantially similar to the record considered by the Supreme Court in Douglas v. City of Jeannette, supra, was not error. See Spence v. Cole, 4 Cir., 137 F.2d 71.

The appellants assert, however, that, even if they were not entitled to an injunction, they were entitled to a declaration, under the Declaratory Judgment Act, 28 U.S.C.A. § 400, that the ordinances in suit were invalid as applied to them. Such a declaration would have been no more appropriate or necessary than an injunction, since the declaration would equally have deprived the state courts of their right to determine the meaning, applicability and validity of the ordinances, subject to review only by the Supreme Court of the United States. This is, therefore, a case in which a declaration by a Federal Court of the invalidity of state laws would not have been justified. See Spence v. Cole, 4 Cir., 137 F.2d 71; and compare Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 300, 301, 63 S.Ct. 1070, 1074, 87 L.Ed. ——. Moreover, the appellants no longer need any such declaration. Bowden v. City of Fort Smith, 8 Cir., 135 F.2d 981, 982.

For the reasons herein stated, the judgment appealed from is affirmed.