JOHN MALLOY, D/B/A THE DOGWOOD GUN CLUB, PLAINTIFF v. MICHAEL F. EASLEY, ATTORNEY GENERAL FOR THE STATE OF NORTH CAROLINA; DAVID R. WATERS, DISTRICT ATTORNEY FOR THE 9TH PROSECUTORIAL DISTRICT; DAVID S. SMITH, SHERIFF OF GRANVILLE COUNTY; STATE OF NORTH CAROLINA, DEFENDANTS

No. COA00-898

(Filed 4 September 2001)

**Declaratory Judgments— constitutionality of criminal statute—subject matter jurisdiction**

The trial court lacked subject matter jurisdiction and erred by denying defendant's 12(b)(6) motion to dismiss a declaratory judgment action regarding the constitutionality of N.C.G.S.

§ 14-360 (cruelty to animals) where plaintiff alleged that the district attorney had indicated that plaintiff would be prosecuted under that statute if he held another of his semi-annual pigeon shoots. Prosecution would not result in irreparable injury to plaintiff's property interests or fundamental human rights because plaintiff would be entitled to challenge the constitutionality of the statute and its applicability to his pigeon shoots in the context of the prosecution, where all the necessary facts would be determined.

Appeal by plaintiff and defendants from order entered 9 May 2000 by Judge James C. Spencer, Jr. in Granville County Superior Court. Heard in the Court of Appeals 7 June 2001.

*Tharrington Smith, L.L.P., by Roger W. Smith, and Greenberg Traurig, L.L.P., by C. Allen Foster, for plaintiff-appellee.*

*Michael F. Easley, Attorney General, by John J. Aldridge, III, Assistant Attorney General, for defendants-appellants.*

*Parker, Poe, Adams & Bernstein, L.L.P., by Cynthia L. Wittmer, for amicus curiae.*

HUDSON, Judge.

On 3 March 1999, plaintiff filed a complaint in the Superior Court of Granville County seeking (1) a declaratory judgment regarding the constitutionality of a particular criminal statute, and (2) an injunction prohibiting the State of North Carolina from enforcing the statute against plaintiff. In an order entered 9 May 2000, the trial court ruled partly in favor of plaintiff and partly in favor of defendants; from that order defendants appeal and plaintiff cross-appeals. We hold that plaintiff's declaratory judgment action should have been dismissed in its entirety pursuant to North Carolina Rule of Civil Procedure 12(b)(1).

In general, a trial court may not entertain a civil declaratory judgment action brought by a plaintiff to challenge the constitutionality of a criminal statute, and to seek injunctive relief prohibiting the State from enforcing the statute against him. However, as we explain in further detail below, the law does make exceptions. Declaratory relief may be available to determine the constitutionality of a criminal statute where the plaintiff can show: (1) that the action involves only pure questions of law; (2) that a criminal prosecution is immi-

nent or threatened; and (3) that he stands to suffer the loss of either fundamental human rights or property interests if the criminal prosecution is begun and the criminal statute is enforced. We believe that an examination of these three factors compels the conclusion that plaintiff's action must be dismissed.

We begin with a brief review of the pertinent and uncontroverted facts in the present case. Plaintiff John Malloy, a resident of Granville County, North Carolina, and a tobacco farmer by trade, owns a business called The Dogwood Gun Club. Twice a year, plaintiff hosts a five-day pigeon shoot called The Dogwood Invitational on his private property. Participation is by invitation only, and each contestant pays an entry fee of $275.00 per day, in addition to $6.00 for each "practice bird." At the pigeon shoots, each contestant faces a ring containing a number of boxes holding one pigeon each. The boxes are opened on cue, the pigeons are released, and the contestants shoot at the pigeons. Approximately 40,000 captured pigeons are used as targets at each pigeon shoot. Pigeons that are merely wounded in the shoot are destroyed, and plaintiff disposes of all of the dead birds.

The statute at issue is N.C.G.S. § 14-360 ("Cruelty to animals; construction of section."), which generally prohibits the intentional wounding, torturing or killing of animals, and defines such acts as either Class 1 misdemeanors or Class I felonies. See N.C. Gen. Stat. § 14-360 (1999). Plaintiff alleges that the office of the district attorney, at some point in time, "indicated it would prosecute the Plaintiff for violation of N.C.G.S. § 14-360" if plaintiff held another pigeon shoot. In addition, "Mr. Waters [] notified the Plaintiff, through counsel, that he considers the conduct at the Dogwood Invitational to be in violation of amended N.C.G.S. § 14-360 and that if given the opportunity, he will prosecute the Plaintiff."

On 3 March 1999, plaintiff filed a complaint in the Superior Court of Granville County seeking (1) a declaratory judgment regarding the constitutionality of N.C.G.S. § 14-360 on its face and as applied to plaintiff, and (2) a preliminary and permanent injunction prohibiting enforcement of the statute by the State of North Carolina against plaintiff. Defendants subsequently filed a motion to dismiss and a motion for summary judgment. Shortly thereafter, the superior court entered an order granting a preliminary injunction enjoining defendants from enforcing N.C.G.S. § 14-360 against plaintiff. On 9 May 2000, following a full hearing on the motions, the superior court entered an order containing a number of rulings. First, the superior

court denied defendants' motion to dismiss the entire action pursuant to Rule 12(b)(1) (subject matter jurisdiction). With respect to the felony provisions in N.C.G.S. § 14-360, the court granted defendants' motion for summary judgment pursuant to North Carolina Rule of Civil Procedure 56 and dissolved the preliminary injunction. However, with respect to the misdemeanor provisions in N.C.G.S. § 14-360, the court granted summary judgment in favor of plaintiff and permanently enjoined defendants from enforcing the misdemeanor provisions in N.C.G.S. § 14-360 against plaintiff. Finally, the court denied defendants' motion to compel plaintiff to respond to interrogatories. Defendants appeal from this order, and plaintiff cross-appeals.

On appeal, defendants raise four assignments of error and plaintiff raises two assignments of error. Because we hold that plaintiff's complaint should have been dismissed for lack of subject matter jurisdiction, we need only address defendants' first assignment of error. By their first assignment of error, defendants argue that the superior court should have granted their motion to dismiss because the action is beyond the scope of the Declaratory Judgment Act. The Declaratory Judgment Act, N.C. Gen. Stat. §§ 1-253 to -267 (1999), provides that "(a)ny person . . . whose rights, status or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status, or other legal relations thereunder." N.C.G.S. § 1-254. "An actual controversy between the parties is a jurisdictional prerequisite for a proceeding under the Declaratory Judgment Act." *Adams v. Dept. of N.E.R. and Everett v. Dept. of N.E.R.*, 295 N.C. 683, 703, 249 S.E.2d 402, 414 (1978). Defendants contend that there is no actual and justiciable controversy because the question raised by plaintiff—whether his future conduct will violate a particular criminal statute—is an inappropriate question for a declaratory judgment action. For this reason, defendants argue, the court lacked subject matter jurisdiction. We agree.

Only a few cases in North Carolina have addressed the issue of whether a plaintiff may maintain a civil declaratory judgment action to challenge the constitutionality of a criminal statute, and to seek injunctive relief prohibiting the State from enforcing the statute against him. In the most recent case, *State ex rel Edmisten v. Tucker*, 312 N.C. 326, 323 S.E.2d 294 (1984), the Attorney General of North Carolina, on behalf of the State, instituted a declaratory judgment action challenging the constitutionality of the Safe Roads Act of 1983

(the SRA).[1] In that case, our Supreme Court explained that a declaratory action challenging the constitutionality of a criminal statute is inappropriate if it involves questions of fact, and not just pure questions of law:

> "The rationale seems to be that if the facts upon which the propriety of a criminal prosecution are in dispute, the dispute ought to be resolved by the trier of the facts in a criminal prosecution . . . . This reasoning, however, is inapplicable if the crucial question is one of law, since the question of law will be decided by the court in any event and not by the triers of the facts."

*Id.* at 349, 323 S.E.2d at 309 (quoting *Bunis v. Conway*, 234 N.Y.S.2d 435, 437 (1962)). The Court also explained that even when the issue may be characterized as a pure question of law, declaratory relief is only appropriate if "the *plaintiff* can demonstrate that a criminal prosecution is imminent or threatened, and that he stands to suffer the loss of either fundamental human rights or property interests if the criminal prosecution is begun and the criminal statute is enforced." *Id.* at 350, 323 S.E.2d at 310.

The Court in *Edmisten* placed great reliance upon *Jernigan v. State*, 279 N.C. 556, 184 S.E.2d 259 (1971). In that case, the petitioner had been convicted of various felonies in 1959 and 1960 and had received prison sentences totaling over fifteen years. He was paroled on 5 October 1966, and in 1967, while still on parole, the petitioner was tried and convicted on a charge of larceny and on 6 April 1967 was sentenced to a separate ten-year term of imprisonment. On 10 April 1967, under the authority of N.C. Gen. Stat. § 148-61.1 (1971) (repealed 1977), the Board of Paroles revoked the petitioner's parole of 5 October 1966, and, pursuant to N.C. Gen. Stat. § 148-62 (1971) (repealed 1977), directed that he serve the remainder of the original sentences upon which his parole had been revoked following the completion of the ten-year sentence imposed on 6 April 1967. The petitioner then filed a petition, requesting the superior court reverse the order of the Board of Paroles. *See Jernigan*, 279 N.C. at 557-58, 184 S.E.2d at 261-62.

---

1. More recently, the Court in *Simeon v. Hardin* dealt with an issue similar to that in the present case. 339 N.C. 358, 451 S.E.2d 858 (1994). However, in *Simeon*, the Court allowed a civil challenge to a criminal statute because the statute at issue was purely procedural, not substantive, and the criminal defendant had no other method available for challenging the criminal statute. *See id.*

MALLOY v. EASLEY

[146 N.C. App. 66 (2001)]

On appeal, our Supreme Court held that the issue raised by the petitioner was an appropriate subject for declaratory judgment. The Court first noted that the challenged statute "is not a criminal law in the sense that it defines or prohibits a specific crime and imposes a penalty for its commission." *Id.* at 560, 184 S.E.2d at 263. Thus, the general rule prohibiting the use of declaratory judgment actions to challenge the constitutionality of a criminal statute was, technically, not applicable. The Court also held that the issue raised by the petitioner was "a pure question of law" and did not involve any questions of fact. *Id.* Finally, the Court held that "fundamental rights [were] involved" because resolution of the issue would determine the duration of petitioner's prison sentence, and the petitioner had no other adequate legal remedy to challenge the decision of the Board of Paroles. *Id.* at 562, 184 S.E.2d at 264.

These principles were also applied in *Chadwick v. Salter*, 254 N.C. 389, 119 S.E.2d 158 (1961). There, the plaintiffs, owners of cattle on Shackleford Banks, instituted a declaratory judgment action against Carteret County, the Sheriff of Carteret County, and the Attorney General of North Carolina. The plaintiffs sought a declaration that statutes enacted in 1957 (the 1957 Act, which generally prohibited any person from allowing certain cattle to run free along the outer banks) and in 1959 (the 1959 Act, which provided that cattle remaining on the outer banks could be confiscated and removed by the State) were unconstitutional, and requested an injunction. The parties stipulated that no facts were in dispute, and, following a hearing, the trial court held that the statutes were constitutional and vacated the temporary restraining order that had previously been granted. *See Chadwick*, 254 N.C. at 390-91, 119 S.E.2d at 159-60.

On appeal, the plaintiffs alleged that the 1957 Act was unconstitutional because in providing an exception for certain horses known as "marsh ponies or banks ponies," it contained an unreasonable and arbitrary classification. *Id.* at 394, 119 S.E.2d at 162. The Court first noted that the 1957 Act declared a violation of that Act to be a misdemeanor and did not provide for enforcement by any means other than criminal prosecution (such as authorizing the destruction or removal of cattle). *See id.* The Court went on to say that plaintiffs, if criminally prosecuted for violation of the 1957 Act, would be entitled to assert their constitutional argument as a defense. *See id.* The Court then stated:

Ordinarily, the constitutionality of a statute or municipal ordinance will not be determined in an action to enjoin its enforce-

ment. The well established exception to this rule is . . . "An Act will be declared unconstitutional and its enforcement will be enjoined when it clearly appears either that property or fundamental human rights are denied in violation of constitutional guarantees."

*Id.* (quoting *Roller v. Allen*, 245 N.C. 516, 518, 96 S.E.2d 851, 854 (1957)). Regarding the 1957 Act, the Court held that the plaintiffs could not maintain a declaratory judgment action seeking an injunction to prevent imposition of a statute that provides for enforcement by criminal prosecution only. *See id.* at 395, 119 S.E.2d at 162. However, the Court allowed the plaintiffs to maintain their declaratory judgment action to the extent it challenged the 1959 Act, which, unlike the 1957 Act, *did* provide for enforcement by means other than criminal prosecution. The 1959 Act provided for enforcement by purporting to divest the plaintiffs' title to the cattle and authorizing the Sheriff of Carteret County to remove the cattle from the outer banks. *See id.* at 396, 119 S.E.2d at 163.

Returning to the case before us, the issue is whether the facts presented warrant an exception to the general rule that a plaintiff may not maintain a declaratory judgment action to challenge the constitutionality of a criminal statute and to seek injunctive relief prohibiting the State from enforcing the statute against him. We believe they do not. To begin with, we believe the issues raised in plaintiff's declaratory judgment action necessarily involve questions of fact as well as questions of law. *See Jernigan*, 279 N.C. at 560-61, 184 S.E.2d at 263. This is especially clear since any prosecution would be for future conduct, the nature of which is unknown. However, even assuming *arguendo* that plaintiff's action involves only pure questions of law, plaintiff must also demonstrate (1) that a criminal prosecution is imminent or threatened, and (2) that he stands to suffer the loss of either fundamental human rights or property interests if he is prosecuted under this criminal statute.

We believe the record does establish that the State has threatened plaintiff with prosecution under the statute if plaintiff hosts a subsequent pigeon shoot. Plaintiff has alleged in answers to interrogatories that the office of the district attorney "indicated it would prosecute the Plaintiff for violation of N.C.G.S. § 14-360" if plaintiff held another pigeon shoot, and that, "Mr. Waters [] notified the Plaintiff, through counsel, that he considers the conduct at the Dogwood Invitational to be in violation of amended N.C.G.S. § 14-360 and that if given the opportunity, he will prosecute the Plaintiff."

MALLOY v. EASLEY

[146 N.C. App. 66 (2001)]

However, plaintiff has not established that he "stands to suffer *the loss* of either fundamental human rights or property interests," *Edmisten*, 312 N.C. at 350, 323 S.E.2d at 310 (emphasis added), or that enforcement of the challenged statute will result in *the denial* of either property or fundamental human rights in violation of constitutional guarantees. *See Chadwick*, 254 N.C. at 394, 119 S.E.2d at 162. The statute in question, N.C.G.S. § 14-360, does not authorize the State, as a means of enforcement, to confiscate or remove plaintiff's property, or in any way deprive plaintiff of his property rights. The statute in question provides for enforcement by criminal prosecution only, and is therefore similar to the 1957 Act challenged by the plaintiffs in *Chadwick*. The Court, in *Chadwick*, concluded that the case could not be challenged on constitutional grounds in an action to enjoin its enforcement. *See Chadwick*, 254 N.C. at 395, 119 S.E.2d at 162.

Furthermore, we disagree with plaintiff's contention that he stands to suffer the loss of his fundamental rights if at some later date he is prosecuted for violating the statute and, as a result, prevented from earning income through holding pigeon shoots. This is because, put simply, either the statute is constitutional and applicable to plaintiff's pigeon shoots, or it is not. If it is, then enforcement of the statute against plaintiff would not violate plaintiff's fundamental rights since it is not a denial of a person's fundamental rights to prevent that person from earning income by engaging in illegal acts. If the statute is unconstitutional, or if plaintiff's pigeon shoots do not violate the statute, and if the State nonetheless prosecutes plaintiff under the statute, plaintiff will have an opportunity at the criminal trial to defend himself on these grounds.

We also note that if plaintiff is at some future date prosecuted for violating the statute in question, and is forced to defend himself at a criminal trial, this would not amount to a denial of plaintiff's fundamental human rights, even if plaintiff is ultimately acquitted. For example, in *Spence v. Cole*, 137 F.2d 71, 72 (4th Cir. 1943), the Fourth Circuit reversed the lower court's injunction prohibiting the Chief of Police of Elizabeth City from arresting plaintiffs pursuant to a city ordinance. The Court stated that unless a plaintiff shows irreparable injury, a court of equity should not restrain criminal prosecutions. *See id.* The Court further held that even where enforcement of an ordinance against a plaintiff would constitute a violation of the plaintiff's constitutional rights, this is insufficient to establish irreparable injury because there is no reason to think that the court would not protect

the constitutional rights of the plaintiff upon such a prosecution being instituted. *See id.* at 72-73. The Court also stated:

> "It is a familiar rule that courts of equity do not ordinarily restrain criminal prosecutions. No person is immune from prosecution in good faith for his alleged criminal acts. Its imminence, even though alleged to be in violation of constitutional guaranties, is not a ground for equity relief since the lawfulness or constitutionality of the statute or ordinance on which the prosecution is based may be determined as readily in the criminal case as in a suit for an injunction."

*Id.* at 73 (quoting *Douglas v. City of Jeannette*, 319 U.S. 157, 163, 87 L. Ed. 1324, 1329 (1942)). In sum, although plaintiff has shown that criminal prosecution has been threatened, we hold that such prosecution would not result in irreparable injury to plaintiff's property interests or fundamental human rights. We note that plaintiff, if prosecuted under the statute, would be entitled to challenge the constitutionality of the statute and its applicability to his pigeon shoots in the context of such prosecution, where all necessary facts would be determined. *See Chadwick*, 254 N.C. at 394, 119 S.E.2d at 162.

For the reasons set forth above, we believe the trial court was without subject matter jurisdiction to entertain plaintiff's declaratory judgment action, and that the trial court erred in denying defendants' motion to dismiss the entire action pursuant to Rule 12(b)(1). Therefore, we reverse the trial court's ruling on defendants' motion to dismiss pursuant to Rule 12(b)(1) and otherwise vacate the trial court's order. We remand for entry of an order granting defendants' motion to dismiss pursuant to Rule 12(b)(1) and dissolving all standing injunctions.

Reversed.

Judges HUNTER and SMITH concur.