JOHN MALLOY, d/b/a THE DOGWOOD GUN CLUB v. ROY COOPER, Attorney General for the State of North Carolina; DAVID R. WATERS, District Attorney for the 9th Prosecutorial District; DAVID S. SMITH, Sheriff of Granville County; STATE OF NORTH CAROLINA

No. 595PA01

(Filed 28 June 2002)

**Declaratory Judgments—constitutionality of criminal statute—jurisdiction**

The trial court had jurisdiction to grant a declaratory judgment determining the constitutionality of the cruelty to animals statute, N.C.G.S. § 14-360, prior to prosecution where the district attorney notified plaintiff that he considered plaintiff's annual pigeon shoot to be a violation of the statute. The case presents an actual controversy between parties with adverse interests and plaintiff sufficiently alleged imminent prosecution and that he stands to lose fundamental human rights and property interests if the statute is enforced and is later determined to be unconstitutional.

On writ of certiorari pursuant to N.C.G.S. § 7A-32(b) of a unanimous decision of the Court of Appeals, 146 N.C. App. 66, 551 S.E.2d 911 (2001), reversing an order entered 9 May 2000 by Spencer, J., in Superior Court, Granville County. Heard in the Supreme Court 15 April 2002.

*Tharrington Smith, L.L.P., by Roger W. Smith; and Greenberg Traurig, LLP, by C. Allen Foster, for plaintiff-appellant.*

*Roy Cooper, Attorney General, by John J. Aldridge, III, Special Deputy Attorney General, for defendant-appellees Roy Cooper, Attorney General for the State of North Carolina; David R. Waters, District Attorney for the 9th Prosecutorial District; and the State of North Carolina.*

*Parker, Poe, Adams & Bernstein, L.L.P., by Cynthia L. Wittmer, on behalf of the North Carolina Network for Animals; Justice for Animals; the Fund for Animals, Inc.; and the Humane Society of the United States, amici curiae.*

PARKER, Justice.

On 3 March 1999 plaintiff instituted this action for declaratory judgment against defendants Roy Cooper[1], Attorney General for the State of North Carolina; David R. Waters, District Attorney for the Ninth Prosecutorial District; David S. Smith, Sheriff of Granville County; and the State of North Carolina. The issue before this Court is whether the Court of Appeals erred in holding that the trial court lacked jurisdiction and should have dismissed plaintiff's declaratory judgment action under North Carolina Rule of Civil Procedure 12(b)(1). The uncontroverted facts are as follows.

Plaintiff is a resident of Granville County, North Carolina, and owns an unincorporated business operating under the name "Dogwood Gun Club." Twice a year plaintiff sponsors a pigeon shoot, known as "The Dogwood Invitational," on his private land in Granville County. Plaintiff has sponsored, organized, and operated the pigeon shoots since 1987. Contestants participate by invitation only, and each contestant pays $275.00 per day to participate. According to plaintiff's response to interrogatories, the pigeon shoot is conducted as follows: "Each contestant faces a ring. Inside the ring are a number of boxes which are opened on cue. An individual ferel [sic] pigeon flies from a particular box. The feral pigeon serves as a target at which the contestant shoots." The last two pigeon shoots conducted before institution of this action utilized approximately 40,000 pigeons each. Pigeons that are killed by the contestants are buried, whereas pigeons that are merely injured are "dispatched promptly" and buried. Plaintiff claims to have spent $500,000 in capital improvements to his land to further the pigeon shoots and further claims that the pigeon shoots provide approximately fifty percent of his net income.

In response to interrogatories, plaintiff answered that the District Attorney for the Ninth Prosecutorial District, which covers Granville County, "notified the Plaintiff, through counsel, that he considers the conduct at the Dogwood Invitational to be in violation of amended N.C.G.S. § 14-360 [entitled "Cruelty to animals; construction of section"] and that if given the opportunity, he will prosecute the Plaintiff." Thus, the District Attorney appears to have determined

---

1. The complaint names "Michael F. Easley, Attorney General for the State of North Carolina," as a defendant. However, as Michael F. Easley no longer holds that office, Roy Cooper, the current Attorney General, is automatically substituted as a party pursuant to Rule 38(c) of the North Carolina Rules of Appellate procedure.

that the 1998 amendments to the statute, *see* Act of Oct. 30, 1998, ch. 212, sec. 17.16(c), 1997 N.C. Sess. Laws 937, 1192, brought plaintiff's pigeon shoots within the purview of the statute. After receiving this threat of prosecution, plaintiff filed the complaint for declaratory judgment praying the trial court to declare that plaintiff's pigeon shoots do not violate the statute; that the statute is unconstitutional as applied to plaintiff; that the statute is unconstitutionally vague; and that defendants be enjoined from enforcing the statute against plaintiff.

On 9 May 2000 the trial court denied defendants' motion to dismiss pursuant to North Carolina Rules of Civil Procedure 12(b)(1) and 12(b)(6), and for summary judgment pursuant to Rule 56 as to the misdemeanor portion of N.C.G.S. § 14-360. Further, the trial court granted summary judgment in favor of plaintiff as to the misdemeanor portion of N.C.G.S. § 14-360, decreeing that portion "constitutionally deficient and void." Accordingly, the trial court permanently enjoined defendants from enforcing that portion of the statute against plaintiff.

A unanimous panel of the Court of Appeals reversed the trial court's ruling. *Malloy v. Easley*, 146 N.C. App. 66, 74, 551 S.E.2d 911, 916 (2001). The Court of Appeals held that the action was beyond the scope of the Declaratory Judgment Act, N.C.G.S. ch. 1, art. 26 (2001), and, therefore, should have been dismissed pursuant to Rule 12(b)(1) of the North Carolina Rules of Civil Procedure. *Malloy*, 146 N.C. App. at 74, 551 S.E.2d at 916. In reaching its holding, the Court of Appeals determined that the issues raised "necessarily involve questions of fact as well as questions of law," *id.* at 72, 551 S.E.2d at 915, and that plaintiff failed to establish that prosecution would result in loss of fundamental human rights or property interests, *id.* at 73, 551 S.E.2d at 915-16. This Court allowed plaintiff's petition for writ of certiorari to review the decision of the Court of Appeals.

The sole issue before this Court is whether jurisdiction exists to grant a declaratory judgment regarding the constitutionality of the statute in question. Whether a court has jurisdiction is a question of law determinable by this Court on appeal. *See, e.g., Union Carbide Corp. v. Davis*, 253 N.C. 324, 327, 116 S.E.2d 792, 794 (1960); *see also Lemmerman v. A.T. Williams Oil Co.*, 318 N.C. 577, 580, 350 S.E.2d 83, 85 (1986). The Declaratory Judgment Act states that courts "shall have power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed." N.C.G.S. § 1-253. Accordingly, any person "whose rights, status or other legal relations

**MALLOY v. COOPER**

[356 N.C. 113 (2002)]

are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status, or other legal relations thereunder." N.C.G.S. § 1-254.

However, " 'the apparent broad terms of the [Declaratory Judgment Act] do not confer upon the court unlimited jurisdiction of a merely advisory nature to construe and declare the law.' " *State ex rel. Edmisten v. Tucker*, 312 N.C. 326, 338, 323 S.E.2d 294, 303 (1984) (quoting *Town of Tryon v. Duke Power Co.*, 222 N.C. 200, 203, 22 S.E.2d 450, 452 (1942)). Thus, "jurisdiction under the Declaratory Judgment Act may be invoked only in a case in which there is an actual or real existing controversy between parties having adverse interests in the matter in dispute." *Tucker*, 312 N.C. at 338, 323 S.E.2d at 303.

> Persons directly and adversely affected by the decision may be expected to analyze and bring to the attention of the court all facets of a legal problem. Clear and sound judicial decisions may be expected when specific legal problems are tested by fire in the crucible of actual controversy. So-called friendly suits, where, regardless of form, all parties seek the same result, are "quicksands of the law."

*City of Greensboro v. Wall*, 247 N.C. 516, 520, 101 S.E.2d 413, 416-17 (1958).

The case before us presents an actual existing controversy between parties with adverse interests. The uncontroverted evidence shows that plaintiff conducted the pigeon shoots in a substantially identical manner twice a year for twelve years before filing this action. No question is in dispute about the birds used—how they are gathered, how the actual shooting is conducted, how the birds are killed, and how the birds are disposed of. Nor is any other material fact in dispute. Given that the uncontroverted evidence shows that plaintiff has conducted the pigeon shoots in the same manner for such an extended period of time, and with such regularity and frequency, this controversy rises above mere speculation that he will conduct the pigeon shoots in the same manner in the future. Thus, this case presents a concrete and real controversy, as opposed to mere speculation as to future conduct; therefore, plaintiff is not seeking an advisory opinion from this Court.

Likewise, the record is clear that the parties have adverse interests. Plaintiff, given the amount of money he has invested in the

pigeon shoots and the amount of income he derives therefrom, is situated to advocate strongly his position that the statute is unconstitutional. Likewise, defendants, who represent the State and are charged with enforcing its laws, are situated to advocate strongly that the statute is constitutional. Thus, the basic requirement of a real controversy between parties with adverse interests is satisfied in this case.

However, even when an actual controversy exists between adverse parties, declaratory judgment is not generally available to challenge the constitutionality of a criminal statute. *See, e.g., Tucker,* 312 N.C. at 349, 323 S.E.2d at 309 ("It is widely held that a declaratory judgment is not available to restrain enforcement of a criminal prosecution," especially where a criminal action is already pending.); *Jernigan v. State,* 279 N.C. 556, 560, 184 S.E.2d 259, 263 (1971) ("A declaratory judgment is a civil remedy which may not be resorted to to try ordinary matters of guilt or innocence."); *Chadwick v. Salter,* 254 N.C. 389, 394, 119 S.E.2d 158, 162 (1961) ("Ordinarily, the constitutionality of a statute . . . will not be determined in an action to enjoin its enforcement."). Nevertheless, a declaratory judgment action to determine the constitutionality of a criminal statute prior to prosecution is not completely barred. For example, in *Calcutt v. McGeachy,* 213 N.C. 1, 195 S.E. 49 (1938), the plaintiff, a manufacturer and distributer of amusement machines, was threatened with prosecution under a statute making possession of slot machines illegal and authorizing their seizure by authorities. *Id.* at 4, 195 S.E. at 49-50. The Court, noting that the plaintiff's action was proper under the Declaratory Judgment Act, determined that the statute in question was constitutional. *Id.* at 4, 9, 195 S.E. at 49, 54.

This Court has enunciated what a plaintiff must show in order to seek a declaratory judgment that a criminal statute is unconstitutional.

> The key to whether or not declaratory relief is available to determine the constitutionality of a criminal statute is whether the *plaintiff* can demonstrate that a criminal prosecution is imminent or threatened, and that he stands to suffer the loss of either fundamental human rights or property interests if the criminal prosecution is begun and the criminal statute is enforced.

*Tucker,* 312 N.C. at 350, 323 S.E.2d at 310.

We agree with the Court of Appeals' holding that "the record does establish that the State has threatened plaintiff with prosecution

under the statute if plaintiff hosts a subsequent pigeon shoot." *Malloy*, 146 N.C. App. at 72, 551 S.E.2d at 915. Plaintiff stated in response to interrogatories that the District Attorney "notified the Plaintiff, through counsel, that he considers the conduct at the Dogwood Invitational to be in violation of amended N.C.G.S. § 14-360 and that if given the opportunity, he will prosecute the Plaintiff." This unrefuted allegation clearly satisfies plaintiff's burden to allege imminent or threatened prosecution.

However, the Court of Appeals incorrectly held that plaintiff failed to show that he stands to suffer the loss of either fundamental human rights or property interests if the prosecution is begun and the criminal statute is enforced. *Id.* at 73, 551 S.E.2d at 915-16.

This Court has held that "[a]n Act will be declared unconstitutional and its enforcement will be enjoined when it clearly appears either that property or fundamental human rights are denied in violation of constitutional guarantees." *Roller v. Allen*, 245 N.C. 516, 518, 96 S.E.2d 851, 854 (1957), *quoted in Jernigan*, 279 N.C. at 562, 184 S.E.2d at 264 (applying *Roller* to declaratory judgment action regarding a penal statute). After announcing this right, the Court in *Roller* immediately explained that " '[t]he right to conduct a lawful business, or to earn a livelihood, is regarded as fundamental.' " *Roller*, 245 N.C. at 518-19, 96 S.E.2d at 854 (quoting *McCormick v. Proctor*, 217 N.C. 23, 31, 6 S.E.2d 870, 876 (1940) (Stacy, C.J., concurring)). Thus, if plaintiff can show that the statute's enforcement, if unconstitutional, will deny him his fundamental right to conduct a lawful business or to earn a livelihood, this second criterion is satisfied.

Plaintiff alleges that he receives fifty percent of his income from conducting the pigeon shoots. Furthermore, he alleges that he has expended $500,000 in capital improvements to his land in furtherance of the pigeon shoots. Based on these facts, the pigeon shoots constitute a substantial portion of plaintiff's livelihood. If the statute is, indeed, unconstitutional, then its enforcement will deny plaintiff his fundamental right to conduct a lawful business. Thus, as to plaintiff's claims that the statute is unconstitutionally vague and overbroad, that the statute permits an unconstitutional delegation of legislative power, and that the unconstitutional portions of the statute are not severable from the remainder of the statute, plaintiff has sufficiently alleged facts to establish the second criterion.

The rationale of the Court of Appeals on this issue is unpersuasive. The Court of Appeals held that, if the statute is con-

stitutional, plaintiff's fundamental rights are not violated by enforcement of the statute. Conversely, if the statute is unconstitutional, plaintiff's fundamental rights will be vindicated at trial as the statute will be held unconstitutional. This analysis is not consistent with this Court's language in *Jernigan*, where the Court acknowledged the possibility of granting declaratory judgment where an unconstitutional statute impinges upon a fundamental right. *Jernigan*, 279 N.C. at 562, 184 S.E.2d at 264. Accordingly, we reject the Court of Appeals' rationale.

Moreover, we note that plaintiff has also demonstrated that he stands to suffer the loss of property rights if the statute is enforced. In holding that no property interest is at stake, the Court of Appeals reasoned that the statute did not authorize confiscation or removal of plaintiff's property and, thus, under *Chadwick*, 254 N.C. 389, 119 S.E.2d 158, no property interests are implicated. *Malloy*, 146 N.C. App. at 73, 551 S.E.2d at 915. We disagree with the Court of Appeals' application of *Chadwick*. In *Chadwick*, the plaintiffs owned cattle that roamed unrestrained on property on the Outer Banks not owned by the plaintiffs. *Chadwick*, 254 N.C. at 394, 119 S.E.2d at 162. The plaintiffs challenged a 1957 act allowing for prosecution of the owner of freely roaming cattle and a 1959 act allowing for confiscation of freely roaming cattle. *Id.* at 390, 119 S.E.2d at 159. The Court, noting that the plaintiffs did not own the land where the cattle roamed, held that declaratory judgment as to the 1957 act was improper as that act allowed for prosecution only rather than confiscation of the cattle. *Id.* at 394-95, 119 S.E.2d at 162. The Court then held that declaratory judgment as to the constitutionality of the 1959 Act was appropriate as that act allowed for the immediate confiscation of the cattle without any judicial process. *Id.* at 396, 119 S.E.2d at 163.

Thus, the Court considered the property interest in question to be possession of the cattle. So long as possession of the cattle was not at issue, no property right was at issue. Accordingly, the Court held that declaratory judgment was not appropriate for the 1957 act (which did not authorize seizure of the cattle) but was appropriate for the 1959 act (which allowed seizure of the cattle). Assuming *arguendo* that *Chadwick* mandates that the only property interest which may sustain a declaratory judgment action is the right of possession, such a mandate is limited, upon the facts of that case, to chattel. As the rights of a landowner were not at issue in *Chadwick*, the opinion sheds no light upon whether, in a case involving land, possession of the land is the only property interest

MALLOY v. COOPER

[356 N.C. 113 (2002)]

triggering jurisdiction for declaratory judgment or whether the owner's *use* of that land is also a triggering property interest. We hold that usage of one's land is a property interest sufficient to invoke declaratory judgment.

The Court of Appeals further held that this Court's opinion in *Jernigan* mandates that declaratory judgment is appropriate only where the case presents no questions of fact. *Malloy*, 146 N.C. App. at 72, 551 S.E.2d at 915. However, the portion of *Jernigan* cited by the Court of Appeals, and relied upon by defendants in their brief, deals with the impropriety of declaratory judgment actions when prosecution has already begun. *Jernigan*, 279 N.C. at 560-61, 184 S.E.2d at 263. In that context, the Court in *Jernigan* quoted a New York case which stated that the rationale prohibiting declaratory judgment where prosecution has already begun is inapplicable where the " 'crucial question is one of law, since the question of law will be decided by the court in any event and not by the triers of the facts.' " *Id.* (quoting *Bunis v. Conway*, 17 A.D.2d 207, 208, 234 N.Y.S.2d 435, 437 (N.Y. App. Div. 1962)). Thus, while *Jernigan* stands for the proposition that declaratory judgment may be appropriate when prosecution is pending if only questions of law are at issue, it does not create a requirement that all declaratory judgment actions present only questions of law.

In summary, we hold that this case presents an actual controversy between parties with adverse interests. Furthermore, plaintiff has sufficiently alleged imminent prosecution and that he stands to lose fundamental human rights and property interests if the statute is enforced and is later determined to be unconstitutional. Accordingly, the trial court properly denied defendants' motion to dismiss pursuant to Rule 12(b)(1). We, therefore, remand this case to the Court of Appeals for decision on the merits of the underlying action.

REVERSED.