STRUCTURAL COMPONENTS INT., INC. v. CITY OF CHARLOTTE

[154 N.C. App. 119 (2002)]

STRUCTURAL COMPONENTS INT. INC., PLAINTIFF v. THE CITY OF CHARLOTTE AND
LOCKHEED MARTIN IMS, DEFENDANTS

No. COA02-200

(Filed 19 November 2002)

### 1. Appeal and Error— preservation of issues—failure to argue in brief

Plaintiff has abandoned all theories alleged in its complaint other than its due process claim because its assignments of error and arguments in the brief failed to preserve these issues in accordance with N.C. R. App. P. 28(a).

### 2. Civil Rights— failure to state claim—red-light citation—civil rights violation—due process

The trial court did not err in a negligence and violation of civil rights claim arising out of the issuance of a red-light citation to plaintiff based on the Safelight program by ruling plaintiff's complaint failed to state a claim for civil rights violations including due process, because: (1) one cannot recover monetary damages for a violation of procedural due process rights when one claims that a civil penalty is imposed pursuant to a program that does not provide adequate due process and is unconstitutional; (2) a petition for certiorari to the superior court was the proper avenue to challenge the constitutionality of the pertinent statute and ordinances; and (3) plaintiff may not seek relief through an independent action as the present statutory scheme provides an adequate method for challenging the legality of the Safelight program.

Appeal by plaintiff from judgment entered 21 August 2001 by Judge L. Oliver Noble in Mecklenburg County Superior Court. Heard in the Court of Appeals 17 October 2002.

*Paul R. Schell for plaintiff appellant.*

*Senior Assistant City Attorney Robert E. Hagemann for City of Charlotte defendant appellee.*

*Crews & Klein, P.C., by Andrew W. Lax and Katherine Freeman, for Lockheed Martin IMS defendant appellee.*

STRUCTURAL COMPONENTS INT., INC. v. CITY OF CHARLOTTE

[154 N.C. App. 119 (2002)]

McCULLOUGH, Judge.

On 12 April 2000, Phillip Carriker, President of plaintiff Structural Components Int. Inc., was mailed a red-light citation pursuant to the "Safelight" program initiated and operated by defendants City of Charlotte and Lockheed Martin IMS. The "Safelight" program is authorized in certain designated North Carolina cities and towns pursuant to N.C. Gen. Stat. § 160A-300.1 (2001). The citation demanded payment of a $50.00 civil penalty, as a vehicle registered to Mr. Carriker was photographed running a red light. According to the "Safelight" program, if the recipient of a citation desires a review hearing, he or she must post a bond equal to the amount of the penalty before a hearing will be scheduled. Thus, after posting his bond, Mr. Carriker was given his hearing on 27 June 2000. As a result of this hearing, the citation was upheld.

On 7 April 2001, plaintiff filed suit against defendants in Mecklenburg County Superior Court. After identifying the parties, the complaint alleged the following:

4. Defendants THE CITY OF CHARLOTTE & LOCKHEED MARTIN IMS operate a program called the "Red Light Camera Program" or "Safelight." Under the program, the defendants have installed automatic cameras at various intersections around the city. The cameras take photographs of automobiles in the intersection when the traffic signal is red.

5. Defendant THE CITY OF CHARLOTTE has contracted with LOCKHEED MARTIN IMS to review the pictures and to decide which vehicles are in violation of traffic laws. Upon information and belief, LOCKHEED's rate of compensation under the [contract] is determined by the number of violators that they identify and process. The City of Charlotte then mails citations to the vehicle owners whom Defendants' agents have decided are in violation. The recipients of the citation must then pay the $50.00 fine or be subject to an additional monetary penalty. After paying the fine, a recipient of a citation may request a hearing. This hearing is held by an officer who works for the program.

6. On April 12th 2000, the CITY OF CHARLOTTE mailed a citation to Plaintiff. Phillip Carriker, Plaintiff's President and General Manager, paid the citation under protest. In accordance with the program rules, Plaintiff then requested a hearing to review the citation. During the "hearing", the hearing officer was

completely biased in favor of the program and wholly abandoned the judicial role in concluding that Plaintiff was in violation of the traffic laws.

Plaintiff included two claims for relief, negligence and violation of its civil rights. Under its negligence claim, plaintiff alleged that:

8. Defendants were negligent in failing to establish reasonable guidelines and in failing to govern the Safelight camera program in a reasonable manner and in failing to provide a reasonable appeals process to govern appeals taken under the program.

Accordingly, plaintiff asked for a return of its $50 bond, and also damages in excess of $10,000 for the loss of services of its president and general manager during the time he was dealing with this matter. In addition, plaintiff asked for punitive damages to the "extent that the conduct of defendant was wanton and in reckless disregard of and with indifference to plaintiff's rights . . . ."

Under its violation of civil rights claim, plaintiff alleged that:

12. Defendants, in creating and maintaining a sham safety program whose actual motive is not improvement of public safety but generation of revenue, have violated Plaintiff's civil rights as follows:

(a) Its right to due process as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution,

(b) Its right to the equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution,

(c) Its right to obtain witnesses in its behalf and to have effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution,

(e) Its right not to be deprived of his liberty by the law of the land and its right to equal protection of the laws as guaranteed by Article I Section 19 of the Constitution of North Carolina;

(f) Its right to confront its accusers and witnesses with other testimony as guaranteed by Article I Section 23 of the Constitution of North Carolina,

(h) Its right to a frequent recurrence of fundamental principals . . . absolutely necessary to preserve the blessings of liberty

as guaranteed by Article I Section 35 of the Constitution of North Carolina,

all to its damage in a sum in excess of $10,000.

Plaintiff also asked for punitive damages for this claim in the same manner as the previous claim.

Defendants filed respective motions to dismiss which came for hearing on 16 August 2001 before the Honorable L. Oliver Noble. The trial court's order, entered 21 August 2001, found that:

> The Court reviewed the Complaint and considered authorities submitted and argument by counsel for Plaintiff and Defendants. Based on this review and consideration, the Court determines that it lacks subject matter jurisdiction to review the subject red light citation issued to Plaintiff or the procedural or substantive aspects of the administrative proceeding below through this action *as such review must be conducted through certiorari*. In addition, the Court determines that Plaintiff has *failed to state a claim upon which relief can be granted for negligence, for a violation of civil rights, and for punitive damages* against the Defendants.

(Emphasis added.) Plaintiff appeals.

Plaintiff makes the following assignments of error: The trial court erred (I) in granting defendants' motions to dismiss and in ruling that its complaint did not constitute a challenge to the "Safelight" camera program but was instead a review of an administrative hearing over which the trial court did not have jurisdiction; and (II) in ruling that the "Safelight" program meets the constitutional requirements of due process.

I.

[1] Initially we note that the parties in this case, both in their respective briefs and at oral argument, have agreed that the only issue before this Court is whether the granting of defendants' Rule 12(b)(6) motions on plaintiff's due process claim were proper.

Plaintiff contended that it was error for the trial court to grant defendants' motions to dismiss on the basis that it did not have subject matter jurisdiction to review plaintiff's citation because such review must be conducted through *certiorari* to the trial court. Defendants now concede that the trial court had subject matter

STRUCTURAL COMPONENTS INT., INC. v. CITY OF CHARLOTTE

[154 N.C. App. 119 (2002)]

jurisdiction over plaintiff's lawsuit because it was not a challenge to its own citation or a request for review of an administrative hearing, but a constitutional challenge to the entire "Safelight" camera program.

Defendants assert that plaintiff has waived all theories of recovery, other than its due process claim, because its assignments of error and arguments in brief to this Court have failed to preserve them according to N.C.R. App. P. 28(a). Plaintiff's complaint alleged two causes of action: Negligence and Violation of Civil Rights. The violation of civil rights cause of action included the theories of due process (perhaps substantive and procedural) under both federal and state constitutions, equal protection under both federal and state constitutions, and frequent recurrence of fundamental principals from the North Carolina Constitution. In addition, plaintiff called for punitive damages under both causes of action. In the record, plaintiff's assignments of error are as follows:

1. Plaintiff/Appellant assigns as error the Trial Court's granting of Appellees' motions to dismiss and the ruling that Appellant's complaint did not constitute a challenge to the "Safelight" camera program but was instead a review of an administrative hearing over which the trial court did not have jurisdiction.

2. Plaintiff/Appellant assigns as error the trial court's ruling that the "Safelight" program meets the constitutional requirements of due process.

Rule 28(a) provides:

(a) *Function.* The function of all briefs required or permitted by these rules is to define clearly the questions presented to the reviewing court and to present the arguments and authorities upon which the parties rely in support of their respective positions thereon. Review is limited to questions so presented in the several briefs. Questions raised by assignments of error in appeals from trial tribunals but not then presented and discussed in a party's brief, are deemed abandoned. Similarly, questions properly presented for review in the Court of Appeals but not then stated in the notice of appeal or the petition, accepted by the Supreme Court for review, and discussed in the new briefs required by Rules 14(d)(1) and 15(g)(2) to be filed in the Supreme Court for review by that Court are deemed abandoned.

N.C.R. App. P. 28 (2002). Thus, plaintiff has abandoned all theories alleged in its complaint other than its due process claim. We accordingly only address that issue.

## II.

**[2]** Plaintiff contends that the trial court erred by ruling its complaint failed to state a claim for civil rights violations, specifically due process.

"A motion to dismiss under N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) tests the legal sufficiency of the complaint, which will be dismissed if it is completely without merit." The main inquiry is "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory[.]"

*Huntington Properties, LLC v. Currituck County*, 153 N.C. App. 218, 223, 569 S.E.2d 695, 699 (2002) (citations omitted).

A complaint is not sufficient to withstand a motion to dismiss if an insurmountable bar to recovery appears on the face of the complaint. Such an insurmountable bar may consist of an absence of law to support a claim, an absence of facts sufficient to make a good claim, or the disclosure of some fact that necessarily defeats the claim.

*Al-Hourani v. Ashley*, 126 N.C. App. 519, 521, 485 S.E.2d 887, 889 (1997) (citations omitted).

"Procedural due process restricts governmental actions and decisions which 'deprive individuals of "liberty" or "property" interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment.' " *Peace v. Employment Sec. Comm'n*, 349 N.C. 315, 321, 507 S.E.2d 272, 277 (1998) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 332, 47 L. Ed. 2d 18, 31 (1976)).

Plaintiff's complaint indeed fails to state a claim upon which relief can be granted. What remains of the complaint are the three factual allegations (4, 5 & 6) and its claim that its procedural due process rights were violated by defendants "in creating and maintaining a sham safety program whose actual motive is not improvement of public safety but generation of revenue . . . ." Significantly, plaintiff in its prayer for relief requests damages in excess of $10,000 for this alleged violation. Under current North Carolina law, such a cause of action does not exist. One cannot recover monetary damages for a

violation of procedural due process rights when one claims that a civil penalty is imposed pursuant to a program that does not provide adequate due process and is unconstitutional.

Plaintiff had other proper avenues of challenging the "Safelight" camera program for violation of its due process rights. N.C. Gen. Stat. § 160A-300.1(c)(4) provides that, "[t]he municipality shall institute a nonjudicial administrative hearing to review objections to citations or penalties issued or assessed under this section." N.C. Gen. Stat. § 160A-300.1(c)(4) (2001). The Charlotte City Ordinance 966, § 14-226, *et seq.*, establishing the city's traffic control photographic system establishes such an appeal process. N.C. Gen. Stat. § 14-230 authorizes the City of Charlotte Department of Transportation to set up an administrative process to hear appeals, in which a person receiving a citation must post a bond equal to the amount of the fine ($50.00) before a hearing can be scheduled. This procedure was followed in the present case. In addition, to this procedure, the city ordinance goes a step further: "The hearing officer's decision is subject to review in the Superior Court of Mecklenburg County by proceedings in the nature of certiorari." Plaintiff failed to utilize this procedure and opted to file this independent lawsuit in superior court, as the trial court noted in its order of dismissal. We believe that a petition for certiorari to the superior court was the proper avenue to challenge the constitutionality of the statute and ordinances that plaintiff was allegedly aggrieved by.

Challenges to the constitutionality of the laws one is charged with violating are best brought within the context of one's own case. Few alternatives to this approach are available. The most prominent alternative is to file an action under the Declaratory Judgment Act, N.C. Gen. Stat. § 1-253, *et seq.* (2001). However, our Supreme Court recently stated that:

[D]eclaratory judgment is not generally available to challenge the constitutionality of a criminal statute. *See, e.g., [Edmisten v.] Tucker*, 312 N.C. [326] at 349, 323 S.E.2d [294] at 309 ("It is widely held that a declaratory judgment is not available to restrain enforcement of a criminal prosecution," especially where a criminal action is already pending.); *Jernigan v. State*, 279 N.C. 556, 560, 184 S.E.2d 259, 263 (1971) ("A declaratory judgment is a civil remedy which may not be resorted to to try ordinary matters of guilt or innocence."); *Chadwick v. Salter*, 254 N.C. 389, 394, 119 S.E.2d 158, 162 (1961) ("Ordinarily, the constitutionality of a

statute . . . will not be determined in an action to enjoin its enforcement."). Nevertheless, a declaratory judgment action to determine the constitutionality of a criminal statute prior to prosecution is not completely barred. For example, in *Calcutt v. McGeachy*, 213 N.C. 1, 195 S.E. 49 (1938), the plaintiff, a manufacturer and distributer of amusement machines, was threatened with prosecution under a statute making possession of slot machines illegal and authorizing their seizure by authorities. *Id.* at 4, 195 S.E. at 49-50. The Court, noting that the plaintiff's action was proper under the Declaratory Judgment Act, determined that the statute in question was constitutional. *Id.* at 4, 9, 195 S.E. at 49, 54.

This Court has enunciated what a plaintiff must show in order to seek a declaratory judgment that a criminal statute is unconstitutional.

> The key to whether or not declaratory relief is available to determine the constitutionality of a criminal statute is whether the *plaintiff* can demonstrate that a criminal prosecution is imminent or threatened, and that he stands to suffer the loss of either fundamental human rights or property interests if the criminal prosecution is begun and the criminal statute is enforced.

*Tucker*, 312 N.C. at 350, 323 S.E.2d at 310.

*Malloy v. Cooper*, 356 N.C. 113, 117, 565 S.E.2d 76, 79 (2002) (holding that Declaratory Judgment Act was available to challenge statute where District Attorney indicated in writing that prosecution was imminent). Plaintiff's complaint makes no showing that he is likely to be re-cited for future "Safelight" violations. In any event, a direct suit under this state's constitution for damages is not authorized.

This Court has recognized that:

> In *Corum v. University of North Carolina*, 330 N.C. 761, 413 S.E.2d 276, *cert. denied*, 506 U.S. 985, 121 L. Ed. 2d 431 (1992), our Supreme Court noted:

>> This Court has recognized a direct action under the State Constitution against state officials for violation of rights guaranteed by the Declaration of Rights. *Having no other remedy*, our common law guarantees plaintiff a direct action under the State Constitution . . . [Moreover, w]hen called

upon to exercise its inherent constitutional power to fashion a common law remedy for a violation of a particular constitutional right, however, the judiciary must recognize two critical limitations. *First, it must bow to established claims and remedies where these provide an alternative to the extraordinary exercise of its inherent constitutional power.* Second, in exercising that power, the judiciary must minimize the encroachment upon other branches of government—in appearance and in fact—by seeking the least intrusive remedy available and necessary to right the wrong.

*Id.* at 783-84, 413 S.E.2d at 290-91 (citations omitted) (emphasis added).

*Hanton v. Gilbert,* 126 N.C. App. 561, 570-71, 486 S.E.2d 432, 438-39, *disc. review denied,* 347 N.C. 266, 493 S.E.2d 454 (1997).

As the present statutory scheme provides an adequate method for challenging the legality of the "Safelight" program, the plaintiff may not seek relief through an independent action. Accordingly, we affirm the trial court's dismissal of plaintiff's complaint pursuant to Rule 12(b)(6).

Affirmed.

Judges CAMPBELL and THOMAS concur.