JOHN MALLOY, D/B/A THE DOGWOOD GUN CLUB, PLAINTIFF v. ROY A. COOPER, III, ATTORNEY GENERAL FOR THE STATE OF NORTH CAROLINA; SAM CURRIN, DISTRICT ATTORNEY FOR THE 9TH PROSECUTORIAL DISTRICT; DAVID S. SMITH, SHERIFF OF GRANVILLE COUNTY; STATE OF NORTH CAROLINA, DEFENDANTS

No. COA08-892

(Filed 17 March 2009)

**Injunction— pigeon shoot—enforcement of animal cruelty statute enjoined—subsequent amendment of regulation—motion to intervene denied**

The trial court did not abuse its discretion by denying a motion to intervene based on timeliness in a case involving a permanent injunction against enforcement of an animal cruelty statute and a subsequent clarification of the underlying regulation. The length of the delay and the lack of justification for the delay were sufficient grounds to affirm the denial of the motion to intervene; whether the regulation amendment should result in the dissolution of the injunction remains unsettled.

Appeal by Movants (the Humane Society of the United States, Robert Reder, Laureen Bartfield, and Cynthia Bailey) from order denying Movants' motion to intervene entered 21 April 2008 by Judge Kenneth C. Titus in Superior Court, Granville County. Heard in the Court of Appeals 10 December 2008.

*Tharrington Smith, L.L.P., by F. Hill Allen, for Plaintiff-Appellee.*

*Everett, Gaskins, Hancock & Stevens, LLP, by E.D. Gaskins, Jr. and James Hash, for Movants-Appellants.*

McGEE, Judge.

Plaintiff is a resident of Granville County, North Carolina, and owns an unincorporated business operating under the name "Dogwood Gun Club." Plaintiff sponsors a biannual pigeon shoot, known as "The Dogwood Invitational," on his private land in Granville County. Plaintiff has sponsored, organized, and operated these pigeon shoots since 1987. Contestants participate by invitation only, and each contestant pays $275.00 per day to participate. According to Plaintiff's response to interrogatories, the pigeon shoot is conducted as follows: "Each contestant faces a ring. Inside the ring are a num-

ber of boxes which are opened on cue. An individual ferel [sic] pigeon flies from a particular box. The feral pigeon serves as a target at which the contestant shoots." The last two pigeon shoots Plaintiff conducted before this action was filed utilized approximately 40,000 pigeons each. Pigeons that are killed by the contestants are buried, whereas pigeons that are merely injured are "dispatched promptly" and then buried. Plaintiff alleges he spent $500,000.00 in capital improvements to his land to further the pigeon shoots and also claims that the pigeon shoots provide approximately fifty percent of his net income. *See Malloy v. Cooper*, 356 N.C. 113, 114, 565 S.E.2d 76, 77 (2002).

Plaintiff filed a declaratory judgment action in 1999, seeking a determination that N.C. Gen. Stat. § 14-360, an animal cruelty statute, was unconstitutional and could not be used to prosecute Plaintiff for operating pigeon shoots. For a complete procedural history of this case, and additional facts, see *Malloy v. Cooper*, 146 N.C. App. 66, 551 S.E.2d 911 (2001) (*Malloy I*), reversed and remanded by our Supreme Court to this Court by *Malloy*, 356 N.C. 113, 565 S.E.2d 76 (*Malloy II*), and ultimately decided by *Malloy v. Cooper*, 162 N.C. App. 504, 592 S.E.2d 17 (2004) (*Malloy III*).

This Court held in *Malloy III* that N.C. Gen. Stat. § 14-360, as it was then written, was unconstitutionally vague as it applied to Plaintiff's pigeon shoots. Our Court remanded the case to the trial court for entry of a permanent injunction against prosecuting Plaintiff pursuant to the provisions of N.C. Gen. Stat. § 14-360. *Malloy III*, 162 N.C. App. at 510, 592 S.E.2d at 22 (citations omitted). This holding was based upon the definition of "domestic pigeon" as it applied to N.C. Gen. Stat. § 14-360 through N.C. Gen. Stat. § 113-129(15a) and 15A N.C.A.C. 10B.0121. The trial court entered a permanent injunction against prosecution of Plaintiff under N.C. Gen. Stat. § 14-360 on 9 December 2004.

The Humane Society of the United States (HSUS) filed *amicus curiae* briefs in support of Defendants' position in *Malloy I* and *Malloy II*. HSUS' *amicus curiae* brief from *Malloy I* was therefore properly before this Court for consideration upon remand in *Malloy III*. None of the Movants, however, have been parties to this action.

In an attempt to correct the constitutional defects of N.C. Gen. Stat. § 14-360 set out in our holding in *Malloy III*, the Wildlife Resource Commission (WRC) amended its definition of "pigeon" in

MALLOY v. COOPER

[195 N.C. App. 747 (2009)]

its exclusionary provision for wild birds, 15A N.C.A.C. 10B.0121, as defined in N.C. Gen. Stat. § 113-129(15a) (the amendment). The amendment became effective 1 October 2004. Through the amendment, the WRC changed the relevant wording of 15A N.C.A.C. 10B.0121 from "domestic pigeon" to simply "pigeon." This change was intended to removed the ambiguity inherent in N.C. Gen. Stat. § 14-360 by clearly indicating that *all* pigeons, not just "domestic pigeons" are protected by the provisions of that statute.

Following the amendment, the Granville County District Attorney Sam Currin (Currin), wrote a letter to the North Carolina Attorney General's Office requesting legal guidance on what impact the amendment had on the injunction in this case. Special Deputy Attorney General John J. Aldridge, III (Aldridge) responded on 3 November 2006 with an advisory letter. Aldridge indicated that in his opinion the amendment had cured the constitutional defect recognized by this Court in *Malloy III*. Aldridge advised that he had been unable to find any case law answering the question of whether the amendment automatically dissolved the injunction against prosecution of Plaintiff pursuant to N.C. Gen. Stat. § 14-360. He further advised that in his opinion the best course of action would be for either the Granville County District Attorney or Sheriff to move for dissolution of the injunction before attempting prosecution of Plaintiff pursuant to N.C. Gen. Stat. § 14-360. HSUS made attempts to persuade Currin to move for the dissolution of the injunction. In a letter to Heidi Prescott of the HSUS dated 6 March 2007, Currin stated: "At the present time, the Attorney General's Office and any private law firm has the same standing that I do to bring this action. Please, concentrate your efforts with one of them."

In response to Currin's letter, counsel for HSUS wrote Aldridge on 19 March 2007 requesting that the Attorney General's Office move to modify or dissolve the injunction. After several more attempts to persuade any Defendants in this matter to move for dissolution of the injunction, Movants sent a letter dated 24 September 2007 to Plaintiff and Defendants indicating their intention to move for intervention in the matter. Movants filed their motion to intervene with this Court on 10 October 2007. The motion was denied on 4 December 2007, without prejudice to file in superior court. Movants filed a motion to intervene in superior court on 11 March 2008. In an order entered 21 April 2008, the trial court denied Movants' motion on the basis that the motion was not filed in a timely manner, and that granting the motion "would be unfair and prejudicial to Plaintiff." Movants appeal.

In Movants' first and third arguments, they contend the trial court erred in finding there was no justification for Movants' delay in filing their motion to intervene, and that it was therefore not filed in a timely manner. We disagree.

> Pursuant to N.C. Gen. Stat. § 1A-1, Rule 24[] (2003), anyone can intervene if the individual *timely* files a petition[.]

> . . . .

> The determination of the timeliness of the motion under this rule is left to the sound discretion of the trial court. Such rulings are given great deference and will only be overturned upon a showing that the ruling " 'was so arbitrary that it could not have been the result of a reasoned decision.' "

> When considering the issue of timeliness, North Carolina Courts consider five factors: "(1) the status of the case, (2) the possibility of unfairness or prejudice to the existing parties, (3) *the reason for the delay in moving for intervention*, (4) the resulting prejudice to the applicant if the motion is denied, and (5) any unusual circumstances."

*Home Builders Ass'n of Fayetteville N.C., Inc. v. City of Fayetteville*, 170 N.C. App. 625, 630-31, 613 S.E.2d 521, 525 (2005) (emphasis added) (citations omitted).

Movants claim that due to the amendment of 15A N.C.A.C. 10B.0121 by the WRC effective 1 October 2004, the injunction preventing prosecution of Plaintiff pursuant to N.C. Gen. Stat. § 14-360 ordered by this Court in *Malloy III* should be dissolved. However, Movants did not file their motion to intervene with this Court until 10 October 2007, which was denied on 4 December 2007. Movants then filed a motion to intervene in Superior Court, Granville County on 11 March 2008. The trial court denied Movants' motion to intervene on the basis that it was not "timely" as required by N.C. Gen. Stat. § 1A-1, Rule 24.

Movants failed to file their motion in this Court until more than three years after the WRC amended the definition of "pigeon" in 15A N.C.A.C. 10B.0121. Moreover, Movants failed to file their motion to intervene in Superior Court, Granville County until nearly three and a half years after the amendment.

While HSUS was involved in the original appeal of this case through the filing of an *amicus curiae* brief, and though HSUS clearly

made attempts to persuade Defendants to pursue the matter, we cannot find that the trial court's ruling that Movants' motion to intervene was not timely filed "was so arbitrary that it could not have been the result of a reasoned decision." *Home Builders Ass'n*, 170 N.C. App. at 631, 613 S.E.2d at 525. We reach this holding in light of the more than three year period between the amendment and the filing of Movants' motion to intervene with this Court, and the period of more than three months between this Court's denial of the motion and Movants' filing of a motion to intervene in Superior Court, Granville County. *See State ex rel. Easley v. Philip Morris, Inc.*, 144 N.C. App. 329, 548 S.E.2d 781 (2001); *Loman Garrett, Inc. v. Timco Mechanical, Inc.*, 93 N.C. App. 500, 378 S.E.2d 194 (1989); *State Employees' Credit Union, Inc. v. Gentry*, 75 N.C. App. 260, 330 S.E.2d 645 (1985).

Further, Movants did nothing between the time of the amendment, effective 1 October 2004, and the Fall of 2006, when HSUS began pressuring Defendants to move to dissolve the injunction. Movants argue they were unaware an injunction had been entered on 9 December 2004. We do not find Movants' argument persuasive. Movants were clearly aware that this Court had ordered the trial court to enter the injunction. Movants could have easily determined when the injunction was entered. In light of Movants' professed interest and their attempt to intervene in this matter, we find no sufficient justification for their failure to ascertain when or if this Court's order had been carried out. We hold that the length of the delay, combined with the lack of justification for that delay, are sufficient grounds to affirm the trial court's denial of Movants' motion to intervene. These arguments are without merit.

Because we have determined the trial court did not abuse its discretion in denying Movants' motion to intervene based upon untimeliness, we do not address Movants' additional argument.

This holding may in no manner be construed as a decision on Movants' underling position that the amendment should result in the dissolution of the injunction prohibiting prosecution of Plaintiff for violations of N.C. Gen. Stat. § 14-360. In *Malloy III*, this Court held that the definition of "domestic pigeon" in 15A N.C.A.C. 10B.0121, as it then existed, rendered N.C. Gen. Stat. § 14-360 unconstitutionally vague as it applied to that case.

The statute and regulation as written fail to give a person a reasonable opportunity to know whether shooting particular pigeons is prohibited, and fails to provide standards for those

applying the law, as required by the North Carolina Supreme Court and United States Supreme Court. "Void for vagueness simply means that criminal responsibility should not attach where one could not reasonably understand that his contemplated conduct is proscribed." Therefore, we hold that G.S. § 14-360, in its entirety, is unconstitutionally void for vagueness, as applied to plaintiff's contemplated pigeon shoot.

*Malloy III*, 162 N.C. App. at 510, 592 S.E.2d at 22 (citations omitted). We recognize that as long as the injunction remains in place, Plaintiff is immune from prosecution for acts that could potentially lead to the prosecution of other North Carolina citizens if the same acts were committed by them. However, because the impact of the amendment of 15A N.C.A.C. 10B.0121 on our holding in *Malloy III* has not been addressed by our courts, it remains an unsettled issue.

Affirmed.

Judges BRYANT and GEER concur.